UNITED STATES, Appellee,

v.

Randi G. LUDLOW, Specialist Four, U. S. Army, Appellant.

No. 33,384.

SPCM 11566.

U. S. Court of Military Appeals.

Oct. 10, 1978.

Appearances: For Appellant—*Colonel Robert B. Clarke* (on brief); *Colonel Alton H. Harvey* (on petition); *Lieutenant Colonel John R. Thornock* (on brief); *Major Benajmin A. Sims* (on brief); *Captain Richard E. Schmidt* (on brief).

For Appellee—*Colonel Thomas H. Davis* (on brief); *Major John T. Sherwood, Jr.* (on brief); *Major Michael B. Kennett* (on brief); *Captain Dale S. Anderson* (on brief); *Captain Richard S. Kleager* (on petition).

Opinion of the Court

PER CURIAM:

We granted review to determine whether corrective action is required because the trial counsel argued that "an extremely serious and heavy penalty should be . . . [imposed] primarily to serve as a deterrent to others." In *United States v. Mosely*, 1 M.J. 350 (C.M.A. 1976), the Court held that such argument by government counsel was improper. In *United States v. Varacalle*, 4 M.J. 181 (C.M.A. 1978), the Court concluded that general deterrence of others could be taken into consideration in adjudging a sentence, but it did not reject *Mosely*'s holding as to the impropriety of trial counsel's argument on such deterrence. *See also United States v. Varacalle, supra* at 184 (Perry, J., concurring); *United States v. McCree*, 4 M.J. 277, 278 (C.M.A. 1978) (Cook, J., dissenting). Thus, the argument here was erroneous. Further, we are convinced there was a fair risk that the court members were influenced by the argument to impose a maximum sentence, which required them to disregard impressive testimony by the accused's commanding officer and a commissioned officer to retain the accused in the service.

Appellate defense counsel raised the issue before the Court of Military Review, but it was passed over without comment. We, therefore, reverse the decision of the court as to the sentence. Under the circumstances, we conclude that a reconsideration of the sentence by the primary sentencing au-

thority, the court-martial would best serve the interests of justice. *United States v. Hendrix*, 21 U.S.C.M.A. 412, 418, 45 C.M.R. 186, 192 (1972). The decision of the United States Army Court of Military Review as to sentence is reversed, and the sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

FLETCHER, Chief Judge (dissenting):

I dissent. *See* my opinion in *United States v. Varacalle*, 4 M.J. 181 (C.M.A. 1978).