UNITED STATES

v.

Sergeant Michael D. JENKINS, FR 528–80–9666, United States Air Force.

ACM S24666.

U. S. Air Force Court of Military Review.

4 April 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Lieutenant Colonel Larry G. Stephens and Lieutenant Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ORSER, Judge:

Tried by a special court-martial, which included enlisted members, the accused was convicted of attempted larceny, conspiracy to commit larceny and housebreaking, in violation of Articles 80, 81 and 130, 10 U.S.C. §§ 880, 881, 930, respectively, of the Uniform Code of Military Justice. The approved sentence is a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for three months and reduction to the grade of airman basic.

■ We agree with appellate defense counsel that the military judge abused his discretion in permitting a government rebuttal witness, a senior noncommissioned officer who had known the accused for two years, to recommend to the court that the accused be given the maximum imposable punishment, viz: a bad conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds pay per month for six months and reduction to the lowest grade. "The determination of an appropriate sentence is a judicial function of a court-martial and opinion testimony as to an appropriate sentence is incompetent." *United States v. Lucas,* 32 C.M.R. 619, 620 (A.B.R.1962).

■ The witness' recommendation was presented to the court in rebuttal to defense witness recommendations for sentence "leniency." See *United States v. Barfield,* 22 U.S.C.M.A. 321, 46 C.M.R. 321 (1973); *United States v. Vogel,* 17 U.S.C.M.A. 198, 37 C.M.R. 462 (1967); *United States v. Robbins,* 16 U.S.C.M.A. 474, 37 C.M.R. 94 (1966); *United States v. Shields,* 40 C.M.R. 546 (A.B.R.1969). Although the government is permitted to rebut character evidence introduced by the accused, the rebuttal evidence is limited by the scope of the accused's evidence and must, of course, be competent. Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 138f. In our judgment, the evidence at issue failed to satisfy either requirement. We will remedy the error by sentence reassessment.

■ We disagree with a further contention by appellate defense counsel that the trial counsel's reference to deterrence in his sentence argument violated the guidelines of *United States v. Ludlow,* 5 M.J. 411 (C.M.A.1978).

In *United States v. Varacalle,* 4 M.J. 181 (C.M.A.1978), the United States Court of Military Appeals declared that general deterrence is a valid and necessary factor in punishments imposed, but a sentence may not be enlarged for the purpose of deterrence only, without consideration for the particular accused. The key is that the sentence must be individualized to meet the needs of the accused before the bar of justice while concurrently protecting society from future similar conduct.

As appellate government counsel note, in cases decided by summary disposition since *Varacalle,* the Court has upheld deterrence arguments by trial counsel which were evidently properly qualified. See e. g., *United States v. Walker,* 4 M.J. 276 (C.M.A.1978); *United States v. McCree,* 4 M.J. 277 (C.M.A. 1978); *United States v. Jacob,* 4 M.J. 278 (C.M.A.1978). However, in *United States v. Ludlow, supra,* (decided per curiam, with Chief Judge Fletcher dissenting) the Court found impropriety in an argument by trial

counsel that urged imposition of " 'an extremely serious and heavy penalty . . . primarily to serve as a deterrent.' " Of additional interest, while acknowledging *Varacalle's* conclusion that general deterrence of others can be taken into consideration in sentencing, the Court added the reservation that such decision did not reject the holding of *United States v. Mosely,* 1 M.J. 350 (C.M.A.1976), as to the impropriety of prosecutorial argument on such deterrence.*

Arguably, the foregoing language in *Ludlow* is indicative that the majority position of the Court of Military Appeals is that a trial counsel errs when he *argues* general deterrence in any manner—and we were initially inclined to declare such caution in this decision. However, the Court's post-*Ludlow* summary affirmation of an Air Force case containing a relatively strong trial counsel deterrence argument has helped disabuse us of that notion. *United States v. Liache,* 6 M.J. 291 (C.M.A. 6 March 1979), Judge Cook dissenting. In consideration of the cited cases, we agree with appellate government counsel that the *Ludlow* decision holds only that an argument by trial counsel which exceeds the bounds of *Varacalle* by its overemphasis on deterrence is prejudicial.

In this case the trial counsel's deterrence comments were made at the conclusion of an argument in which he discussed several factors which warranted the maximum punishment. In the context of the argument, deterrence was neither urged as the

primary fact justifying the punishment nor in any other way overemphasized. Moreover, the sentence adjudged was significantly less than the maximum authorized, despite the fact that the offenses were quite serious and the record replete with aggravating circumstances. Manifestly, the trial counsel's argument had no significant impact upon the court members assessment of the sentence.

The remaining errors assigned and invited to our attention by appellate defense counsel are either without merit or were thoroughly addressed by the staff judge advocate in his excellent review and properly resolved adversely to the accused. Having reassessed the sentence in light of the error discussed and on the basis of the record as a whole, we find appropriate only so much thereof as provides for a bad conduct discharge, confinement at hard labor for two months, forfeiture of $200.00 per month for two months and reduction to airman basic. The approved findings of guilty and the sentence, as modified, are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ARROWOOD, Judges, concur.

---

* We recognize that *United States v. Varacalle,* 4 M.J. 181 (C.M.A.1978), involved consideration by the military judge of deterrence of others as a factor in sentencing.