**UNITED STATES, Appellee,**

v.

**Robert E. MOURER, Private, U. S. Army, Appellant.**

No. 36,847.

CM 436979.

U. S. Court of Military Appeals.

March 17, 1980.

For Appellant: *Major Lawrence D. Galehouse, Major Benjamin A. Sims, Captain James H. Weise* (on brief); *Colonel Edward S. Adamkewicz, Jr., Captain Robert M. Twiss.*

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Mi-chael B. Kennett, Captain Charles A. Cosgrove* (on brief).

*Opinion*

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a general court-martial, consisting of members, of housebreaking, larceny of government property, willful destruction of military property, and the wrongful furnishing of a dangerous drug contrary to state law, in violation of Articles 130, 121, 108 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 930, 921, 908 and 934, respectively. Appellant was sentenced to confinement at hard labor for 3 years, total forfeitures for a period of 1 year, and a bad-conduct discharge. Pursuant to the terms of a pretrial agreement, the convening authority reduced the confinement to 20 months, but otherwise approved the findings and sentence. His action was affirmed by the United States Army Court of Military Review. We granted review to consider appellant's allegation that trial counsel's argument on sentence was improper and prejudicial.

Appellant asserts that trial counsel improperly characterized his unsworn statement to the court members and improperly enjoined them to consider general deterrence to others as justifying a severe sentence. The question of the propriety of arguing general deterrence of others in assessing a sentence has divided the Court. *Compare United States v. Varacalle*, 4 M.J. 181 (C.M.A.1978), *with United States v. Ludlow*, 5 M.J. 411 (C.M.A.1978) and *United States v. Mosely*, 1 M.J. 350 (C.M.A.1976). Assuming error, I am convinced that the failure of the defense counsel to object at trial and the reduction in sentence effected on review have left the accused without "good cause" for corrective action. *United States v. Milliken*, 6 M.J. 210 (C.M.A.1979); *United States v. Jacob*, 4 M.J. 278 (C.M.A. 1978); *United States v. Thomas*, 4 M.J. 277

(C.M.A.1978); *United States v. Walker*, 4 M.J. 276 (C.M.A.1978).

For the reasons set forth in his own opinion, the Chief Judge agrees that no corrective action by this Court is required. Accordingly, the decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I join in the affirmation of the decision of the Court below for the reasons set forth in my opinion in *United States v. Varacalle*, 4 M.J. 181 (C.M.A.1978). *See United States v. Ludlow*, 5 M.J. 411 (C.M.A.1978).