**UNITED STATES**

v.

**James M. CAMPBELL, Subsistence Specialist Third Class, U. S. Coast Guard.**

**CGCM 9957.**
**Docket No. 822.**

U. S. Coast Guard Court of Military Review.

27 March 1980.

Appellate Defense Counsel: LT Robert R. Meeks, USCGR.

Appellate Government Counsel: LCDR Robert R. Ferguson, USCG.

## OPINION

MORGAN, Chief Judge:

Subsistence Specialist Third Class Campbell was tried by a general court-martial with members on 24 July 1979. He pleaded guilty to and was convicted of a single charge alleging desertion from USCGC BLACKHAW terminated by apprehension in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885. The court sentenced the accused to be confined at hard labor for one year, to forfeit $400.00 per month for twelve months, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The convening authority approved only so much of the sentence as provided for confinement at hard labor for six months, forfeiture of $400.00 per month for six months, reduction to pay grade E–1 and discharge from the service with a bad conduct discharge.

The issue presented for our consideration by appellate defense counsel is whether SS3 Campbell's rights were prejudiced by trial counsel's argument of facts not supported by the evidence and by his assertion that deterrence of others was a factor to be used in determining an appropriate punishment for the accused.

Despite trial defense counsel's contention that it was improper for the trial counsel to argue general deterrence as a sentencing factor, the military judge permitted the trial counsel to obtain assurance from all the members during voir dire examination that they would not reject deterrence of others as one purpose of punishment and thereafter to assert during argument on sentence that deterrence of others was a factor to be considered. Trial counsel also argued facts not in evidence. There was no objection to that argument and the military judge did not give the members a cautionary instruction concerning it.

The trial counsel's argument which is under attack by appellate defense counsel was in substance as follows:

"Gentlemen * * * what you have here is a person that broke the law * * that is desertion * * * Article 85, of the Uniform Code of Military Justice. Congress passed this law to prevent persons from unilaterally deciding that they are no longer necessary to their unit. * * Congress had good reason for this law. * * * The Military establishment must be always ready, not just the Army, Navy, Air Force, but also the Coast Guard. We are not just an administrative agency, we have substantial responsibilities to the American people and others in distress. We have to be ready to respond. The BLACKHAW is called upon to perform SAR missions, in addition to her aids to navigation responsibilities. How can the BLACKHAW respond rapidly when she has to search out a cook to feed her crew? Sure, she can go out short, but fried bologna sandwiches don't —the crew does not respond well to fried bologna sandwiches. Coast Guard vessels have relatively small crews, and every person assigned to it is needed to accomplish our important mission. That is why *10 U.S.C. § 985* (sic) is applicable to the Coast Guard. Petty Officer Campbell broke the law * * *. He decided his presence was no longer necessary aboard the Cutter BLACKHAW."

\* \* \* \* \* \*

"The four criteria that you use in determining what an appropriate punishment is, in the view of the Government, that— there are four purposes for punishment: (1) the protection of society, (2) deterrence of the individual from committing similar crime, (3) rehabilitation of the individual, and (4) deterrence of others from committing similar crimes."

" * * * I will not presume to tell you how to apply these four criteria to the facts. I only urge that the only way to accomplish the goal is to provide for a substantial punishment, in the form of incarceration, loss of pay and rate."

"Also, you must decide if Petty Officer Campbell should remain in the Coast

Guard. While a punitive discharge is indeed a form of punishment, it also accomplishes another goal. It purges the service of persons who disrupt the system. It is a form of firing a person without affording him of the benefits that other service personnel have earned. Petty Officer Campbell has not earned these benefits, we submit."

"Gentlemen, your position in this case is unique. Most civilian jurisdictions do not allow the jury to use their mature judgment in deciding the punishment. We urge that you use your mature judgement in deciding the punishment in this case. * * *"

Appellate defense counsel correctly points out that the record contains no evidence of Congress' reason for enacting Article 85, UCMJ; no evidence that BLACKHAW performs Search and Rescue (SAR) missions; no evidence that the BLACKHAW would be without a cook during the accused's absence; no evidence that the crew would have to subsist on fried bologna sandwiches; no evidence that Petty Officer Campbell decided his presence was no longer necessary aboard the BLACKHAW; no evidence of what benefits other service personnel have earned or that Petty Officer Campbell had not earned; and, no evidence that most civilian jurisdictions do not allow the jury to decide the punishment. Appellate defense counsel also argues that trial counsel's advocacy of general deterrence as a sentencing factor is the very argument condemned by the Court of Military Appeals in *U. S. v. Mosely*, 1 M.J. 350 (C.M.A. 1976).

 Trial counsel is permitted to argue for what he considers to be an appropriate sentence so long as his argument is based upon the evidence adduced at the trial and does not go beyond the bounds of fair argument. *U. S. v. Olson*, 7 U.S.C.M.A. 242, 22 C.M.R. 32 (1956); *U. S. v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). He may argue conclusions permissibly inferable from information properly before the court but appeals to passions or prejudices are wholly improper. *U. S. v. Hutton*, 14 U.S.C.M.A. 366, 34 C.M.R. 146 (1964); *U. S. v.*

*Long*, 17 U.S.C.M.A. 323, 38 C.M.R. 121 (1967); *U. S. v. Garza*, 20 U.S.C.M.A. 536, 43 C.M.R. 376 (1971). It is also permissible for trial counsel to comment on facts of contemporary history although evidence of such facts has not been formally admitted. Similarly permissible are comments on matters of common knowledge within the community. *U. S. v. Long, supra; U. S. v. Jones*, 2 U.S.C.M.A. 80, 6 C.M.R. 80 (1952).

 Testing the propriety of trial counsel's argument in the light of the foregoing principles announced by the Court of Military Appeals, we have concluded that the argument did not exceed the bounds of fair comment based upon facts of contemporary history, matters of common knowledge within the Coast Guard community and inferences reasonably drawn from information properly before the court. His exaggerated implication that the crew of BLACKHAW would be required to subsist on fried bologna sandwiches while conducting SAR operations may have tested the limits of permissible comment but was not so inflammatory as to have affected the quantum of punishment adjudged. See *U. S. v. Nelson*, 1 M.J. 235 (C.M.A.1975).

In evaluating the propriety of trial counsel's argument and its possible impact on the court, we have noted the broad range of Coast Guard experience necessarily represented by the seven members consisting of a Chief Warrant Officer (W–4), a Lieutenant, two Lieutenant Commanders, two Commanders and a Captain. Certainly they had sufficient experience to recognize that the impact of Subsistence Specialist Third Class Campbell's absence on the operating capability of BLACKHAW would not have been as severe as represented in trial counsel's argument. We are satisfied that they viewed the argument in its proper perspective.

We have also noted that trial defense counsel interposed no objection to the argument now complained of. In that regard the Court of Military Appeals said in *U. S. v. Doctor, supra*, "The failure to object in the trial arena where the harmful effects, if

any, might be ameliorated by prompt instructions from the law officer, normally raises the doctrine of waiver and precludes an accused from asserting a claim of error on appeal." 21 C.M.R. at 261. See also *U. S. v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974); *U. S. v. Nelson, supra*. While we need not base our decision on waiver, the absence of objection indicates that defense counsel who heard the argument and was better able to judge its possible impact on the court also considered the comments to be neither unfair nor inflammatory.

■ Appellate defense counsel's claim of prejudice to the accused by virtue of trial counsel's inclusion of deterrence of others among the factors to be considered in determining an appropriate sentence is also unfounded. It is true that the Court of Military Appeals in *U. S. v. Mosely, supra*, held that it was error for trial counsel in argument on sentence to urge that in determining a sentence to impose upon an accused the court members should consider its deterrent effect upon others who might venture into such activity. But in *U. S. v. Varacalle*, 4 M.J. 181 (C.M.A.1978) a majority of the Court departed from the holding in *U. S. v. Mosely, supra*, insofar as that decision may have foreclosed the sentencing authority from considering general deterrence as a factor in assessing individualized punishment for an accused. Indeed, in footnotes to his lead opinion in *Varacalle*, Chief Judge Fletcher indicated that a trial counsel might appropriately advocate "in a reasonable and professional manner" the consideration of general deterrence as a sentencing factor. Footnote 2 at 4 M.J. 182. And in another footnote he listed with approval the very sentencing criteria enumerated by the trial counsel in this case. Footnote 6 at 4 M.J. 182, 183. Subsequent decisions and actions of the Court seem to have reaffirmed the holding in *U. S. v. Varacalle*. See *U. S. v. McCree*, 4 M.J. 277 (C.M.A.1978); *U. S. v. Milliken*, 6 M.J. 210 (C.M.A.1979); *U. S. v. Meckler*, 6 M.J. 779 (A.C.M.R.1978) petition for review by U.S. C.M.A. denied 7 M.J. 41; *U. S. v. Jenkins*, 7 M.J. 504 (A.F.C.M.R.1979) petition for review by U.S.C.M.A. denied 7 M.J. 328; *U. S.*

*v. Mourer*, 8 M.J. 258 (C.M.A.1980). Cf. *U. S. v. Ludlow*, 5 M.J. 411 (C.M.A.1978).

After enumerating the four sentencing factors including deterrence of others which he advocated the court should consider in determining an appropriate punishment the trial counsel stated that he would not presume to tell the court how to apply the four criteria but would only urge that the way to accomplish the goal was to provide for a substantial punishment. The tenor of his advocacy was reasonable and professional. It could scarcely be condemned as overzealous and in essence asked the court members in their wisdom to adjudge a substantial and individualized punishment. The necessity for adjudging an individualized sentence was also emphasized by the military judge in his instructions. We have concluded, therefore, that the trial counsel's argument on sentence did not exceed the bounds of propriety or fairness so as to require a rehearing or further reduction of the sentence. See *U. S. v. Mosely, U. S. v. McCree* and *U. S. v. Milliken*, all *supra*.

The findings of guilty and the sentence as mitigated and approved on review below are affirmed.

Judge BRIDGMAN concurs.

HOLLAND, Judge (concurring in the result):

In my view, trial counsel's argument that the accused's vessel was tasked with Search and Rescue (SAR) missions and that its crew would have been without a cook had the vessel been ordered to respond to a distress for some indeterminate period after his absence began exceeded the bounds of fair comment. There was no evidence in the record to support these arguments in aggravation of the offense, nor was there evidence to support the critical inference that the vessel was in a mission readiness status when the accused's unauthorized absence began. I cannot agree that there was no fair risk that this purposeful argument did not affect the quantum of punishment adjudged. A sentence which includes a bad conduct discharge and a year of confine-

ment at hard labor for abandoning an enlistment contract at a time when there is no national draft obligation or national emergency in effect is too severe a punishment to permit that conclusion when, as in this case, there are no prior convictions to consider and the accused indicates a desire to complete his enlistment.

I concur in the principal opinion's result, nevertheless, because the defense counsel's failure to object waived any prejudicial error and because I do not believe that the trial counsel's argument was so inflammatory as to trigger the trial judge's obligation to act sua sponte in the absence of a timely objection by the defense counsel. *U. S. v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956); *U. S. v. Pinkney,* 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974); and *U. S. v. Mourer,* 8 M.J. 258 (C.M.A.1980).

Judge ALCANTARA did not participate in the decision in this case.