UNITED STATES, Appellee,

v.

Private (E–1) Tony CARMANS, SSN 575–72–8555, United States Army, Appellant.

SPCM 13972.

U. S. Army Court of Military Review.

9 April 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major D. David Hostler, JAGC, Captain Allan L. Placke, JAGC—USAR, Captain Hollis C. Lewis, Jr., JAGC, and Captain Julius Rothlein, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Major Robert B. Williams, JAGC, and Captain Lawrence W. Fitting, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted by special court-martial of larceny of stereo equipment from a fellow soldier.[1] He was sentenced to confinement at hard labor for three months, forfeiture of $279.00 pay per month for three months, and a bad-conduct discharge. The convening authority approved the sentence. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

The charges arose from a theft of stereo equipment from an unsecured wall locker in an open-bay barracks on a Saturday afternoon. Several members of the unit, including the appellant, had noticed the equip-

---

1. A violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1976). He also was charged with housebreaking in violation of Article 130, Uniform Code of Military Justice, 10 U.S.C. § 930 (1976), but a motion for a finding of not guilty was granted by the military judge.

ment and had remarked about the owner's apparent lack of concern for its security. The evidence is conflicting whether the appellant and others merely remarked about the vulnerability of the equipment to theft or actually discussed stealing it. A Private Foster testified that he, the appellant, and several others removed the equipment from the victim's locker, placed it in a duffle bag and a laundry bag, and placed it in Foster's locker. Shortly thereafter, the appellant and Foster met a Specialist Moore, placed the equipment in Moore's car and took it to Moore's off-post residence.

The appellant denied stealing the equipment or knowing that it was stolen. Contrary to Foster's testimony, the appellant testified that Foster claimed ownership of the equipment, stating that it had arrived in his hold baggage from Korea on the previous day. The appellant testified that Foster wanted to listen to the equipment by connecting it to Moore's speakers, since Foster had none.

When the appellant was interviewed by investigators from the US Army Criminal Investigation Command (CID) regarding the theft, he declined to make a statement. He was then taken to his battery commander's office. The battery commander testified that he advised the appellant of his rights and asked the appellant whether he desired to make a statement.[2] The appellant made no response. The battery commander interpreted his silence as a negative response. The battery commander then informed the appellant of the seriousness of the offenses and advised the appellant that he would recommend a lighter punishment if the appellant cooperated, but would recommend the maximum punishment if the appellant did not return the stereo equipment. Shortly thereafter, appellant returned the equipment.

Five errors are assigned: (a) that evidence of the appellant's self-incriminating act of surrendering the stereo equipment was improperly admitted, (b) that the trial counsel improperly cross-examined the ap-

pellant regarding his failure to make a statement and emphasized that fact in argument, (c) that the evidence of larceny is legally insufficient, (d) that the appellant has been denied full and complete appellate review by the omission from the record of trial of photographs of the stereo equipment, and (e) that the military judge erred by failing to ascertain from the appellant that he understood his rights regarding the trial forum.

I

█ In the first assigned error, appellant maintains that he was coerced into a verbal act of surrendering the stolen property in violation of his rights against self-incrimination.

The appellant denied being advised of his rights by the battery commander prior to recovering and surrendering the stereo equipment. However, during the presentation of the defense case on the merits, the appellant testified that he and Foster had transported the stereo equipment to the off-post residence of Specialist Moore. Throughout the trial, the appellant maintained that he thought Foster owned the equipment. Trial defense counsel's opening statement, direct examination of the appellant, and final argument all adopted the position that the appellant did not participate in the larceny or know that the property was stolen at the time he assisted in its asportation, but that he affirmatively cooperated in recovering the stolen property once he knew it was stolen. The defense made no effort to suppress evidence that the appellant recovered the stolen property and made no request for instructions pertaining thereto. We find that the appellant effectively consented to the use of evidence of his surrender of the property. *United States v. Gustafson,* 17 U.S.C.M.A. 150, 37 C.M.R. 414 (1967); *see* Manual for Courts-Martial, United States, 1969 (Revised edition), par. 140a(2); *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977); *United States v. Heflin,* 1 M.J. 131 (C.M.A.1975); *United*

---

**2.** The advice included both the right to silence afforded by Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831 (1976) as well as the right to counsel.

*States v. Anderson*, 1 M.J. 688 (N.C.M.R. 1975). We need not decide whether the appellant was properly advised of his rights since he consented to the consideration of the evidence and adopted it as his own. We hold that the military judge did not err by receiving evidence that the appellant recovered and surrendered the stolen property.

## II

▪ In his second assigned error, appellant contends that he was improperly cross-examined by the trial counsel regarding his refusal to make a statement when interviewed by the CID. He also contends that the trial counsel's argument on the merits was improper because it called attention to the appellant's exercise of his privilege against self-incrimination.

On direct examination by the trial defense counsel, the appellant testified that he made no association between the stereo equipment which he took to Moore's residence and the stolen property because the CID had told him that the stolen equipment included speakers. He testified that he was unaware that he had taken stolen equipment to Moore's house until the CID questioned him. Since he knew that the CID had already questioned Foster, he did not want to answer questions until he could talk to Foster. The appellant said he did not tell the battery commander about Foster's involvement because he thought that the battery commander had already decided that he was guilty.

On cross-examination, the appellant admitted that he did not attempt to explain that he thought that Foster owned the equipment, and did not attempt to tell anyone that Foster and not he had stolen the equipment. Appellant contends that such cross-examination was improper.

▪ The cross-examination of the appellant regarding his pretrial silence occurred only after the trial defense counsel adduced evidence from the appellant on direct examination that he had declined to answer questions by the CID and the battery commander because they had already decided that he was guilty and the appellant wanted to talk to Foster before answering questions. Having characterized the appellant as an innocent victim of circumstances who cooperated in the recovery of the stolen property once he knew it was stolen, the trial defense counsel apparently felt constrained to explain why the appellant initially was uncooperative. Although such evidence would have been inadmissible if offered by the government, the trial defense counsel presented it as a deliberate trial tactic, calling the court's attention to it in his closing argument on the merits.[3]

An accused who testifies may be cross-examined on the subject matter of his direct testimony. Manual for Courts-Martial, United States, 1969 (Revised edition), par. 149*b*(1). Having introduced on the direct examination the subject matter of his reasons for not cooperating with law enforcement authorities, the appellant opened the door to cross-examination regarding those reasons. *United States v. Cloyd*, 21 C.M.R. 795, 799 note (A.F.B.R.1956); *see United States v. Milliken*, 6 M.J. 210, 212–13 (C.M.A.1979).[4] *But see United States v. Kemp*, 13 U.S.C.M.A. 89, 32 C.M.R. 89 (1962).[5]

---

**3.** It is clearly improper for the prosecution to introduce, through direct testimony of witnesses or cross-examination of an accused, the fact that the accused invoked his privilege against self-incrimination in a pretrial interview. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *United States v. Noel*, 3 M.J. 328 (C.M.A.1977); *United States v. Brooks*, 12 U.S.C.M.A. 423, 31 C.M.R. 9 (1961).

**4.** In the *Milliken* case, the appellant testified on direct examination, in response to questioning by his counsel, that his direct testimony was the same story he had been telling throughout, except that he had failed to mention another

robbery in a pretrial statement. The pretrial statement was not admitted. Nevertheless, both Chief Judge Fletcher and Judge Cook, in concurring opinions, held that the appellant had "opened the door" to cross-examination about the pretrial statement even though it was not admitted in evidence.

**5.** In *Kemp*, the defense psychiatric evidence tended to show that the appellant was incapable of premeditating. The Court of Military Appeals held the defense counsel's cross-examination of a government psychiatrist which elicited the fact that a psychiatric board had been

When an accused or his counsel introduces the fact that the accused availed himself of his right against self-incrimination, the accused cannot successfully claim prejudice if the prosecution thereafter follows suit. *United States v. Gunnels*, 21 C.M.R. 925 (A.F.B.R.1956), *reversed on other grounds*, 8 U.S.C.M.A. 130, 23 C.M.R. 354 (1957); *cf. United States v. Sims*, 5 U.S.C. M.A. 115, 17 C.M.R. 115 (1954).

Accordingly, we hold that the cross-examination of the appellant regarding the reasons for his failure initially to cooperate with the CID or his commander was proper.

In closing argument, the trial counsel argued that the court should reject the defense theory that the appellant was an innocent victim of circumstances. He called attention to the appellant's failure to tell the authorities that Foster and not he had taken the equipment. He argued that the appellant did not come forward with anything that would assist the CID in solving the crime because "he was involved up to his neck."

Counsel may make a reasonable comment on the evidence and may draw such inferences from the testimony as will support his theory of the case. If an accused has testified on the merits and fails in his testimony to deny or explain specific facts of an incriminating nature that the evidence of the prosecution tends to establish, such a failure may be commented upon. Manual for Courts-Martial, United States, 1969 (Revised edition), par. 72*b*.

The trial defense counsel did not object to the trial counsel's argument. To the contrary, he drew the court's attention to the appellant's initial failure to make a statement. While not conclusive, trial defense counsel's lack of objection to a trial counsel's argument constitutes a "per-

suasive inducement" to conclude that the argument was appropriate and proper. *United States v. Ryan*, 21 U.S.C.M.A. 9, 44 C.M.R. 63 (1971); *United States v. Jensen*, 45 C.M.R. 562 (C.G.C.M.R.1972). The focus of the trial counsel's argument was on the appellant's testimony in which he attempted, as part of his own case, to justify his pretrial silence. Such argument was fair comment on matters properly before the trial court. *United States v. Sims*, *supra*.

We hold that the trial counsel's argument was proper to counter the defense claims that the appellant was an innocent victim of circumstances who was subjected to overbearing treatment and was presumed guilty from the outset, but nevertheless cooperated by voluntarily retrieving the stolen property.[6]

### III

The third assigned error, alleging insufficiency of the evidence, is without merit. The evidence establishes that the appellant participated in a discussion about the victim's lack of concern for security of his stereo equipment, was identified as the person who removed the equipment from the wall locker, and admitted that he and Private Foster surreptitiously transported the equipment in a laundry bag and a duffle bag to an off-post private residence. We are satisfied beyond a reasonable doubt that the appellant is guilty of larceny of the stereo equipment.

### IV

The fourth assigned error alleged that the appellant has been deprived of his right to a full and complete appellate review by the absence of photographs of Prosecution Exhibits 1–A and 1–B, the stereo equipment. The record of trial merely identifies Prosecution Exhibit 1–A as "Pho-

unable to make a determination regarding the appellant's mental incapacity did not "open the door" for prosecution evidence that the psychiatric board had been unable to make its determination because the accused had claimed the privilege against self-incrimination. *United States v. Kemp*, 13 U.S.C.M.A. 89, 32 C.M.R. 89 (1962).

6. We note that the military judge properly instructed the court that "the mere fact that the accused may later on have missed an opportunity to turn somebody else in for having a stolen stereo does not make the accused guilty of larceny. . . ."

to of stereo tuner" and Prosecution Exhibit 1–B as "Photo of stereo amplifier." The military judge authorized photographs to be substituted for the exhibits. Photographs were taken, but the film was accidentally damaged. The equipment could not be photographed again because it already had been relinquished to the owner. At the trial, the owner of the property identified it by make, model and serial number. There was no contest regarding the identity of the property. Although the exhibits are not in the form authorized by the military judge, the absence of the photographs in no way impedes the appellate review of this case. There is no requirement that an article which is the subject of a larceny be physically presented to the court so long as it is otherwise adequately described and identified. *United States v. Lindner*, 7 C.M.R. 560 (A.F.B.R.1952), *pet. denied* 2 U.S.C.M.A. 687, 7 C.M.R. 84 (1953). If the record of · trial is sufficiently complete to permit reviewing agencies to determine with reasonable certainty the substance and sense of the question, answer, or argument, then prejudice is not present. *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953); *United States v. Burns*, 46 C.M.R. 492 (N.C.M.R.1972).

## V

We also find the fifth and final assigned error without merit. There is no legal requirement for the military judge personally to address the accused regarding his choice of trial form. *United States v. Beard*, 7 M.J. 452 (C.M.A.1979).

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.