**UNITED STATES**

v.

**Airman First Class Tonya R. BRIGHT,
FR 589–05–0165, United States
Air Force.**

**ACM 28271.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Nov. 1989.

Decided 25 Jan. 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain Ronald A. Rodgers.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

OPINION OF THE COURT

LEONARD, Senior Judge:

Appellant pleaded guilty to and was convicted of stealing $700.00 from the United States Government and soliciting one of her co-workers to assist her with the theft. Her approved sentence is a bad conduct discharge, confinement for 75 days, total forfeiture of pay and allowances, and reduction to airman basic. In her appeal, appellant asserts that she was prejudiced by improper sentencing argument of trial counsel and errors by the military judge in admitting evidence. We find error and reassess the sentence.

Appellant's offenses occurred while she was working as a postal clerk at the Torrejon Air Base, Spain military post office. She stole a money order in the amount of $700 from a drawer assigned to her supervisor, thereby causing the supervisor to be

charged for a shortage of $700. Later, with the assistance of another military postal clerk, she cashed the money order and split the proceeds with the other clerk. According to appellant, the military judge erred in admitting a stipulation of fact, an affidavit from one of appellant's former supervisors, and some evidence of uncharged misconduct.

■ The stipulation of fact in question was a stipulation between the parties to support appellant's guilty plea. It was signed by the trial counsel, appellant, and appellant's trial defense counsel. The military judge's inquiry into appellant's understanding of the stipulation was interrupted by a question from appellant concerning the importance of the sequence of events described in the stipulation.[1] The military judge suggested that clarification of the sequence of events could appropriately be covered as a matter of extenuation during appellant's unsworn statement. After this matter was resolved, the military judge continued with his inquiry, but neglected to cover some matters normally covered during such inquiries.[2] However, he did inform appellant that if she consented to the stipulation and agreed that the facts in it were true, it could be used in determining her guilt and in determining an appropriate sentence. Appellant stated she understood this explanation, that she had read the stipulation, and that she agreed to have the court consider the facts contained in it. This explanation and the responses by appellant were sufficient to satisfy the minimum requirements for admission of a stipulation of fact. R.C.M. 811(c), Discussion.

The military judge's suggestion that appellant could address any clarification of the sequence of events in her unsworn statement did not make the stipulation of fact inadmissible. Appellant admitted the truthfulness of the matters contained in the stipulation and consented to its admission. The validity of the stipulation or the correctness of its admission would not be negated merely because the defense intended to later offer some matters of extenuation clarifying, but not contradicting, the facts contained in the stipulation. R.C.M. 811(c) and (e).

Appellant also claims error in the admission of an affidavit from the former supervisor who was the victim of appellant's theft. The affidavit explained some of the circumstances of appellant's offenses and the impact of the offense on the affiant. There was no objection to the admission of the affidavit. Appellant now maintains the affidavit was hearsay and was introduced in violation of her rights to confrontation under the Sixth Amendment to the Constitution. We find that appellant's failure to impose a timely objection at trial waived any error by the military judge in admitting this evidence. Mil.R.Evid. 103(a)(1).

■ The last item of evidence asserted to have been admitted in error is unspecified evidence of uncharged misconduct elicited by trial counsel during presentencing. In his cross-examination of one of appellant's supervisors, trial counsel asked the witness if he were aware of any other misconduct on the part of appellant. At this point, trial defense counsel objected stating that the question called for uncharged misconduct. The military judge overruled the objection and the witness replied: "I know of something else she's done but it has nothing to do with the post office directly." No further questions were asked about the misconduct and the military judge gave no instruction to disregard the response of the witness.

We find the military judge erred in allowing the trial counsel, over defense objection, to ask the witness a question that called for an uncharged misconduct response. Although the exact nature of the

---

1. The stipulation of fact stated that appellant had three shortages when her postal drawer had been audited by the same supervisor who was charged with the $700 money order appellant stole and that appellant suspected that the supervisor had caused appellant's shortages. The stipulation did not state whether the shortages to appellant's drawer occurred before or after appellant stole the money order. In her unsworn statement, appellant stated that two of the shortages to her postal drawer occurred before the theft and one occurred after the theft.

2. See Army Pamphlet 27–9, *The Military Judge's Benchbook,* pages 2–11 and 2–12 (15 Feb 89).

misconduct was never stated, the question and response left the court members with an uncorrected impression that appellant had engaged in other unspecified misconduct.[3] Such question and response, like a statement of specific uncharged misconduct, would tend to create an inference that appellant was a bad person who was deserving of a greater punishment. This is the underlying reason that evidence of uncharged misconduct is inadmissible. Mil.R. Evid. 404(b); *see also, United States v. Gaeta,* 14 M.J. 383 (C.M.A.1983) and S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* a361 (2d ed. 1986). The only exceptions are misconduct of record or evidence in aggravation under R.C.M. 1001(b) during sentencing and for the limited purposes of Mil.R.Evid. 404(b) during findings. Since the specific nature of the misconduct was never revealed, we are unable to determine whether it would have qualified for admission under any exception. We will consider the effect of this error in a reassessment of appellant's sentence.

 The final error asserted is the impropriety of trial counsel's closing argument on sentence. In that argument, trial counsel argued a number of facts that were not in evidence. His argument included references to the "very unique place in our lives" of a military post office, the difficulty of obtaining postal services in the Spanish community, the negative impact of appellant's crimes on the specific mission of the Air Force in Spain, and the fortuity of catching appellant since the money order she stole was not listed on the stolen money order list. Although there were no facts in evidence to support these arguments, there was no objection to any of the argument by the trial defense counsel.

We find that trial counsel's argument was an improper comment on facts that were not in evidence.[4] *United States v. Clifton,* 15 M.J. 26 (C.M.A.1983); *United States v. Shows,* 5 M.J. 892 (A.F.C.M.R.

1978). However, we hold that trial defense counsel's failure to object to the argument waived appellate review of this issue. R.C.M. 1001(g).

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings are correct in law and fact. We are confident we are able to reassess appellant's sentence and accurately determine what sentence would have been adjudged if the improper inference of uncharged misconduct had not been before the court. *United States v. Peoples,* 29 M.J. 426, 428 (C.M.A.1990). Making that determination, we find the court would have nonetheless adjudged the same sentence of a bad conduct discharge, confinement for 3 months (reduced to confinement for 75 days by the convening authority), forfeiture of all pay and allowances, and reduction to airman basic. Considering the entire record, we also find appellant's approved sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c). The findings and approved sentence are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.

---

3. If the military judge had given the court members an instruction to disregard the reference to misconduct, the error could have been avoided or made harmless. *See United States v. Brooks,* 26 M.J. 28 (C.M.A.1988).

4. Some of the trial counsel's argument could possibly be justified as fair comment on matters of common knowledge within the community. *See United States v. Long,* 17 U.S.C.M.A. 323, 38 C.M.R. 121 (1967); *United States v. Campbell,* 8 M.J. 848 (C.G.C.M.R.1980).