# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant MICHAEL C. MORRILL**
**United States Army, Appellant**

ARMY 20140197

Headquarters, 7th Infantry Division
David L. Conn, Military Judge (arraignment)
Jeffery D. Lippert, Military Judge (trial)
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Major Diara Z. Andrews, JA (on brief).

31 October 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

CAMPANELLA, Senior Judge:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, two specifications of assault consummated by battery, and one specification of obstruction of justice in violation of Articles 120, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 934 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, eighteen months confinement, forfeiture of all pay and allowances, and a reduction to the grade of E-1. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, seventeen months confinement, forfeiture of all pay and allowances, and a reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellate counsel raises one assignment of error, which requires discussion but no relief.

MORRILL —ARMY 20140197

Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) which we find, after due consideration, to be without merit.

## BACKGROUND

At trial, after the conclusion of the government's case-in-chief, defense counsel indicated to the military judge that he had a motion but wanted to call a defense witness first because the witness was going to be unavailable the next day. After the witness' testimony, the military judge dismissed the panel members for the evening and recessed the court-martial. The next page of the transcript reflects that the court reconvened the next day and the defense's case resumed. Later in the trial, the military judge referenced a Rule for Courts-Martial [hereinafter R.C.M.] 917 motion when discussing the relevance of testimony from a different defense witness:

> MJ: [Appellant's] not charged with having a disorder.
> He's charged with a rape case on a particular day. And on
> that particular--as I ruled last night in the 917 motion,
> there is some evidence--that's going to the panel. That's
> what he is charged with. That's what's going to the panel
> to make a decision.

The panel found appellant guilty of all charges and specifications, indicating that the military judge determined there was enough evidence to proceed and that he denied defense's R.C.M. 917 motion.

The record of trial was subsequently authenticated and appellant failed to raise error in his post-trial matters. On appeal, appellant asserts the omission of the Article 39(a) proceeding where the defense moved for a finding of not guilty and the military judge made a ruling on the R.C.M. 917 motion renders the transcript nonverbatim and the record of trial incomplete, necessitating relief under Rule for Courts-Martial R.C.M. 1103(f).

## LAW AND DISCUSSION

"[T]he record of trial shall include a verbatim transcript of all sessions except sessions closed for deliberations and voting when [a]ny part of the sentence adjudged exceeds six months confinement. . . ." R.C.M. 1103(b)(2)(B). Literal compliance with the term "verbatim," meaning "[w]ord for word; in the same words," is not required, but a "substantial" qualitative omission renders a transcript nonverbatim. *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A. 1982). Whether an omission of testimony from a record of trial is "substantial" is analyzed on a case-by-case basis. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999). A substantial omission will raise a presumption of prejudice but it can be rebutted by

2

the government. *United States v. Harrow*, 62 M.J. 649, 654-55 (A.F. Ct. Crim. App. 2006).

Here, appellant's sentence exceeded six months thereby triggering the requirement for a verbatim transcript. It is clear from the record that the military judge denied defense's R.C.M. 917 motion. Because counsel arguments in support of the R.C.M. 917 motion and the military judge's findings and conclusions of law are omitted from the record of trial,[*] it constitutes a substantial omission.

Despite the substantial omission, we find that any presumption of prejudice is rebutted by the record. Our review of the record convinces us that the evidence is sufficient to sustain the findings of guilty. *See* R.C.M. 917(g) ("[T]he findings need not be set aside upon review solely because the motion for finding of not guilty should have been granted upon the state of the evidence when it was made."). We find the record of trial is adequate to permit informed review by this court and any other reviewing authorities. *See United States v. Carmans*, 9 M.J. 616, 621 (A.C.M.R. 1980) ("If the record of trial is sufficiently complete to permit reviewing agencies to determine with reasonable certainty the substance and sense of the question . . . then prejudice is not present."). Accordingly, we find the record in appellant's case is both substantially verbatim and complete for appellate review purposes.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] We note that appellate defense counsel has not submitted any evidence from appellant or trial defense counsel indicating other substantial discussions occurred during the omitted Article 39(a) session.

3