UNITED STATES, Appellee,

v.

**Sergeant First Class David Lee BROOKS, Jr., SSN 416–60–0175, United States Army, Appellant.**

**CM 442385.**

U. S. Army Court of Military Review.

27 Oct. 1982.

Colonel William Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain David M. England, JAGC, and Captain Alan D. Groesbeck, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Patrick Flachs, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before MILLER, KUCERA and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

KUCERA, Judge:

The appellant, Sergeant First Class Brooks, was charged with four specifications of possession, three specifications of transfer and two specifications of sale of marihuana in the hashish form. In accordance with a pretrial agreement he pled guilty to, and was found guilty of, the two specifications of sale—the Government did not present any evidence on the remaining seven offenses and the military judge disposed of them by findings of not guilty. The court members sentenced the appellant to a bad-conduct discharge, confinement at hard labor for two years, total forfeitures, and reduction to the grade of Private E–1. Pursuant to the sentence limitations of the pretrial agreement, the convening authority reduced the period of confinement at hard labor from two years to thirteen months and otherwise approved the sentence as adjudged by the court.

The appellant now claims generally the sentence to be excessive and, as it pertains to the bad-conduct discharge, inappropriately severe. He points out "that the financial impact of imposing a bad-conduct discharge in [his] case amounts to hundreds of thousands of dollars in lost retirement income . . . Appellant does not contend that that alone indicates the bad-conduct discharge should not have been imposed, but it does show that very careful consideration needs to be given to [his] case before such a harsh punishment is approved."[1]

The military record accumulated by the appellant during some seventeen years of service is impressive. We have considered it, as well as Sergeant Brooks' sworn testimony providing insight into aspects of his personal and family life and his belated remorse. We have weighed all such factors against the countervailing considerations of the debilitating effects of drug abuse on the readiness of the military force and the seriousness of the selling of drugs by senior noncommissioned officers. *See United States v. Trottier,* 9 M.J. 337, 345 (C.M.A. 1980). Projected against a sentence less severe than that which the appellant himself proposed in his offer to plead guilty,[2] the sentence approved by the convening authority is eminently fair and appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge MILLER and Judge BADAMI concur.

---

1. Defense Exhibit EE projects appellant's approximate loss in retirement income using present dollars and assuming his retirement at age 38:
   SUBJECT: INCOME PROJECTIONS, SFC BROOKS
   ANNUAL BASE PAY, SFC AT 20 YEARS: $17118.00
   RETIREMENT PAY, SFC AT 20 YEARS (½) $8559.00
   Assuming no pay or cost of living increases projected retirement income would be:
   At age 58, (20 years): $171,180.00
   At age 63, (25 years): $213,975.00
   At age 68, (30 years): $256,770.00
   At age 73, (35 years): $299,565.00
   At age 78, (40 years): $342,360.00
   The above projections are straight line income projections. They do not assume any increases nor are the times projected based on actuarial tables for life expectency.

2. Under the provisions of the pretrial agreement, the convening authority could have approved a dishonorable discharge if adjudged by the court; the court adjudged only a bad-conduct discharge.