UNITED STATES, Appellee,

v.

Private E–1 Gary L. MEADE, 494–80–0576, United States Army, Appellant.

CM 445564.

U.S. Army Court of Military Review.

30 Jan. 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Robert M. Ott, JAGC, and Captain Peter D. P. Vint, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Laura G. Poston, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, contrary to his pleas, of a violation of a lawful general

regulation by unlawfully discharging a firearm in an unauthorized area and of wrongfully and willfully discharging a firearm under circumstances such as to endanger human life in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1982). Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for one year and forfeiture of all pay and allowances.

 Appellant alleges multiplicity for findings and sentence. We agree. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983). The military judge did not instruct the court members that the offenses were multiplicious for sentencing purposes. We find this to be error and shall reassess the sentence. We note the seriousness of the offense of which appellant was convicted as well as the fact that appellant was convicted by a special court-martial twelve days prior to the instant offense for another offense involving the improper use of firearms. When taken as a whole, the evidence of record leads us to believe that the sentence adjudged and approved is correct and proper and should be affirmed.

 Appellant further alleges error· in the refusal of the military judge to admit three letters of transmittal from his company, battalion, and brigade commanders recommending trial by special court-martial empowered to adjudge a bad-conduct discharge. These letters, in pertinent part, contain only the bare-bones recommendation of the commander concerned and give no reasons or justification for such recommendations. The military judge sustained an objection, on the basis of hearsay and relevancy, to these documents. Appellant's counsel cite us *United States v. Walker*, 28 C.M.R. 575 (A.B.R.1959), for the proposition that the military judge's ruling was error. We disagree. We find the concurring and dissenting opinion by Judge Crook in that case to be the more reasoned opinion. He stated:

> Granting that the rules governing the introduction of evidence by the defense after findings may be relaxed, and that in practice it has become customary to receive as evidence all sorts of matter which the defense may offer in the hope that it may induce the court to adjudge a lenient sentence, I do not consider that the law officer erred in sustaining the trial counsel's objection in this instance. For the company commander's recommendation that the charges be referred for trial to a special court-martial is, in my view, totally irrelevant, immaterial and incompetent.... We can only speculate as to why he made it when he did. It does not disclose the reasons for his recommendation, and has no probative value to establish that after the guilt of the accused had been established, and the circumstances of the offense shown, the company commander still considered a punitive discharge inappropriate. (citation omitted.)

*Id.* at 577. We further note that although cited favorably one other time,[1] in the last reported case citing *Walker*, *United States v. Lucas*, 32 C.M.R. 619 (A.B.R.1962), that body expressly disagreed with the majority holding in *Walker* noting the determination of an appropriate sentence is a judicial function of a court-martial and opinion testimony as to an appropriate sentence is incompetent. *United States v. Jenkins*, 7 M.J. 504, 505 (A.F.C.M.R.), *pet. denied*, 7 M.J. 328 (C.M.A.1979). Accordingly we too note our disagreement with the majority opinion in *Walker* and decline to follow it.

We have considered the issue personally raised by appellant and find it to be without merit. *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

The findings of guilty of the specifications of Charge I and Charge II are consolidated by adding after the word "area" in line 5 of the Specification of Charge I the words "and did wrongfully and willfully discharge said .22 caliber firearm under circumstances such as to endanger human life."

The Court finds as fact that appellant is guilty of the Specification of Charge II.

---

1. *United States v. Raines*, 32 C.M.R. 550, 551 (A.B.R.1962).

Accordingly, if any reviewing authority subsequently concludes that prejudicial error has tainted the findings of guilty of the Specification of Charge I and Charge I and orders the findings set aside, the findings of guilty of the Specification of Charge II and Charge II can be revived and affirmed without rehearing. *See United States v. Zupancic*, 18 M.J. 387, 389 (C.M.A.1984).

The findings of guilty of the Specification of Charge II and Charge II are set aside and that charge and specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Judge PAULEY and Judge WERNER concur.

**UNITED STATES, Appellee,**