**UNITED STATES, Appellee,**

v.

**Private First Class Robert R. RANDOLPH, 489–80–4844, United States Army, Appellant.**

**SPCM 21095.**

U.S. Army Court of Military Review.

24 July 1985.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and Captain Lorraine Lee, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, Captain Denise A.G. Erickson, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, in accordance with his pleas, of conspiracy to commit larceny, and willful destruction of government property in violation of Articles 81 and 108, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 908. The court, composed of officer and enlisted members, sentenced appellant to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $397.00 pay per month for three months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

During the sentencing portion of the trial, the government called the appellant's company commander, Captain T, to testify as a rebuttal witness and the following pertinent portion of his testimony constitutes the basis for appellant's assigned error:

Q: Based on what you know of the accused and what you've testified to, what is your opinion as to whether or not this soldier should be—receive a bad-conduct discharge from the service?

A: I think he should receive a bad-conduct discharge and I think he should go to jail for what he did.

The appellant argues, and the government agrees, that the military judge abused his discretion in permitting this testimony. We agree that it was error for the military judge to fail *sua sponte* to give curative instructions regarding such incompetent evidence presented to the members. *United States v. Meade*, 19 M.J. 894 (A.C. M.R.1985); *United States v. Jenkins*, 7 M.J. 504, *pet. denied*, 7 M.J. 328 (A.F.C.M. R.1979). However, under the particular facts of this case, noting especially the lack of defense objection, the appellant's degree of involvement in the offenses as evidenced by his own unsworn testimony during presentencing and the admission of a record of nonjudicial punishment under Article 15, UCMJ, for larceny, we find that appellant's sentence was not prejudiced by the admission of the testimony. *See United States v. Pearson*, 17 M.J. 149 (C.M.A.1984).

Accordingly, the findings of guilty and the sentence are affirmed.

Judge WERNER concurs.

PAULEY, Judge, concurring in part and dissenting in part:

I agree, of course, that the military judge abused his discretion in admitting the quoted testimony of the appellant's company commander. I disagree as to the possible effect this error may have had on the sentence imposed in this case.

I am not pursuaded by the majority's argument that the "particular facts" of this case justify a finding of lack of prejudice. The lack of defense objection to the offending testimony, the appellant's degree of involvement in the offenses, and admission of a record of nonjudicial punishment

are cited as evidence that appellant's sentence was warranted, notwithstanding the error of the trial judge.

I see the relative involvement of the appellant in the charged offenses as a somewhat neutral factor for punishment purposes; and the facts surrounding the commission of offenses constituting the basis for the nonjudicial punishment are, in my judgment, not so egregious as to justify the emphasis seemingly placed upon them by the majority opinion. Appellant received punishment under Article 15, UCMJ, for stealing approximately thirty-eight dollars worth of government automotive parts from the motor pool. Apparently he was a vehicle driver at the time. I find significant the fact that these offenses occurred in November and December of 1982, well over *eighteen months* before the commission of the offenses before this court and almost *two years* before his trial. During this period of time the appellant had been promoted, and according to his testimony would have been promoted again but for the happening of his current difficulties. Based on these facts, I would think that the prejudicial effect on the court members of this record of nonjudicial punishment would have been considerably dissipated at time of trial.

Several noncommissioned officers, to include the first sergeant of appellant's unit, testified favorably on his behalf at trial. His immediate supervisor characterized his duty performance as "very outstanding." The appellant was tried on 22 and 23 October 1984. His three year enlistment terminated on 2 November 1984 and he would have been released from the Army on that date. Other than the aforementioned nonjudicial punishment, the only negative evidence presented during the entire sentencing hearing was the testimony of the company commander.

Our law is clear that where testimony of the sort under discussion blatantly invades the province of the court members, as it did in this case, curative instructions are required notwithstanding the lack of objection by defense counsel. *United States v.*

*Pearson,* 17 M.J. 149 (C.M.A.1984). Considering the attendant facts in this case and the decision in *Pearson,* I question the logic that argues that lack of objection somehow equates with lack of prejudice. The posture of the evidence was that the court members in appellant's case heard his commanding officer state not that "there is no place for the accused in the Army" or "that further military service would not be productive" or "I would not want the accused back in my unit" or some such other coded phrase, but rather testified in no uncertain terms that a punitive discharge and confinement would be the appropriate punishment for the appellant.

In my view, there is no more persuasive evidence available to a military tribunal than the testimony of the accused's immediate commanding officer. This is particularly true, for obvious reasons, where the court-martial is composed of members as opposed to military judge alone. When such a commander testifies before members, without curative instructions, as to the precise punishment that the accused should receive, I believe that a strong possibility exists for prejudicial effect as to the sentence. Finally, I am influenced by the fact that both defense and government appellate counsel agree as to the error involved and both agree that the appropriate remedy is reassessment of the sentence. *See United States v. Jenkins,* 7 M.J. 504, *pet. denied,* 7 M.J. 328 (A.F.C.M.R.1979). As the appellant has long since served his sentence of confinement, the only meaningful reassessment of sentence would involve disapproving the punitive discharge.

Under all the circumstances of this case, I am unable to state with certainty that appellant was not prejudiced as to sentence. Accordingly, I would reassess the sentence by approving only so much of the sentence as provides for confinement at hard labor for three months, forfeiture of $397.00 pay per month for three months, and reduction to the lowest enlisted grade.