**UNITED STATES, Appellee,**

v.

**Staff Sergeant Larry N. SMITH, 240–96–4787, United States Army, Appellant.**

**CM 449138.**

U.S. Army Court of Military Review.

11 Dec. 1986.

For Appellant: Major Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Cynthia M. Brandon, JAGC (on brief).

Before WATKINS, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

Appellant was convicted, contrary to his pleas, of an indecent act upon another in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The members sentenced appellant to a bad-conduct discharge and confinement for six months. The convening authority approved the sentence.

During the government's case in aggravation, appellant's first sergeant testified in pertinent part as follows:

Q: Thank you. First Sergeant Wilson, how long have you been the first sergeant of Delta Company?

A: Since the 13th of January of '86, this year, sir.

Q: And has Sergeant Smith been a member of your unit since that time?

A: Until he was relieved the first part of March, sir.

Q: In the time that he was a member of your unit, did you have an opportunity to observe his duty performance and also to receive reports regarding his duty performance from other members of the unit?

A: Yes, sir.

Q: Have you formed an opinion as to how he performs his duty as an E6 in the United States Army?

A: He was an outstanding platoon sergeant, sir.

Q: Thank you. Now, first sergeant, the accused has just been convicted by this court-martial of an indecent act upon another, Private [H], and also violation of Fort McClellan Regulation 632–1. *Based upon that* is it your belief that the accused has some rehabilitative potential in the service, or should he be discharged?

A: He should be discharged, sir.

Record at 177 (emphasis added).

Moments later, appellant's company commander similarly testified:

Q: Captain Harter, how long have you been the company commander of Delta Company?

A: Sir, I took command on 10 January 1986.

Q: And was Sergeant Smith a member of your unit at that time?

A: Yes, sir. He was.

Q: What was his duty position at that time?

A: Sir, he was a platoon sergeant.

Q: In the time that you've been a company commander and Sergeant Smith has been in your unit, have you had an opportunity to evaluate his performance of duty as an E6?

A: Yes, sir. I did not officially evaluate him as far as EER, but I did on a duty performance. Yes, sir.

Q: In terms of observation and reports?

A: Yes, sir.

Q: How would you characterize his performance of duties?

A: Sir, performance of duties as a platoon sergeant were excellent, sir.

Q: Now, as you know, Sergeant Smith has been standing trial today. The jury, or court members, have convicted him of an indecent act upon another, in this case, Private [H]. *Knowing that,* do you feel that Sergeant Smith has any rehabilitative potential in the Army?

A: No, sir.

Record at 179 (emphasis added).

 Trial defense counsel did not object to either the form of trial counsel's questions soliciting opinion testimony or the responses by the witnesses. Appellant now contends that this testimony concerning his rehabilitative potential was improper. We agree. *See United States v. Horner,* 22 M.J. 294, 296 (C.M.A.1986) (it is improper for a witness to testify upon his assessment of an accused's rehabilitative potential based solely on the witness's view of the severity of the offense). We find that in direct response to counsel's question, it was understood that the appellant's first sergeant and company commander were testifying that appellant lacked rehabilitative potential and should be discharged based solely on the fact that he had committed an indecent act upon another. Indeed, it appears that the military judge understood the evidence in that light. In instructions on sentencing he stated in part:

First Sergeant Wilson stated that the accused was an outstanding platoon sergeant, however, he testified he should be discharged from the service because of the seriousness of the offense. You should consider the testimony of Captain Harter, the company commander since 10 January 1986; that the accused's performance of duty as platoon sergeant was excellent. However, he stated that he does not have rehabilitative potential.

There was also no defense objection to the instruction. The court is satisfied that "plain error" did not occur within the meaning of the Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 103(d). Accordingly, trial defense counsel's failure to object waived this issue on appeal. Manual for Courts-Martial, United States, 1984, Rules for Courts-Martial 801(g) and 1005(f).

We have considered the error personally raised by appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Judge LYMBURNER concurs.

WATKINS, Senior Judge, concurring in the result:

Although my brothers and I are not in substantial disagreement concerning this case, and indeed are in complete agreement regarding its ultimate disposition, I write separately to note an area in which it appears that my approach is slightly at variance with theirs.

At the outset, I note that *United States v. Horner*, 22 M.J. 294 (C.M.A.1986) was decided several weeks after this case was tried. It is hardly surprising, therefore, that the parties to the trial were not well informed as to its holding and principal substantive significance. Because it is clear that our high court intended that the rule of that case be applied to cases pending appellate review, we are obliged to determine its impact, if any, upon the case at hand.

My understanding of *United States v. Horner* is that an evidentiary problem arises only where the witness's opinion of the accused's rehabilitative potential is based *solely* upon the severity of offense(s) of which he or she was convicted. The facts of that case were quite unique in that the commander-witness in effect took the position at trial that he was unwilling to consider other relevant presentencing factors, such as the accused's character, duty performance, military service record, etc. "Specifically, the commander felt that no one who distributed drugs should be retained in the service, '[r]egardless of the characteristics of the individual involved.'" *Id.* at 295.

In contrast, the record of trial in this case reflects that the presentencing testimony of both First Sergeant Wilson and Captain Harter was predicated upon (1) their personal *observations of the appellant's duty performance* in the unit over a period of time (characterized as "outstanding" and "excellent," respectively), and (2) *reports from others* regarding his duty performance. Accordingly, I cannot agree that the trial judge committed a *Horner*-type error by allowing inadmissible aggravation evidence to be adduced by counsel. I hasten to add that, in reaching this conclusion, I have acted in consonance with my strongly held view that the ultimate inquiry concerning the accused's rehabilitative potential can properly be analyzed only in the broader context of the *foundational testimony* which has preceded it.

In his presentencing instructions to the members, however, the trial judge undertook to summarize the aggravation evidence and succeeded in doing so in a manner which tended to perfect an evidentiary error of the *Horner* type. I agree with the majority that this latter error was not preserved for appellate review, that it was not egregious and does not rise to the level of plain error, and that the findings of guilty and the sentence should be affirmed. I join in effecting that result.