**UNITED STATES, Appellee,**

v.

**Staff Sergeant Donald E. WAKEMAN, 499–58–5660, United States Army, Appellant.**

**ACMR 8700022.**

U.S. Army Court of Military Review.

19 Nov. 1987.

For Appellant: Major Russell S. Estey, JAGC, Major Dale K. Marvin, JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC, (on brief).

Before COKER, KENNETT and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Tried by a military judge sitting as a general court-martial, appellant was convicted, pursuant to his pleas, of signing a false official record and unauthorized sale of military property (three specifications) in violation of Articles 107 and 108, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 908 (1982). The ad-

judged sentence of dishonorable discharge, forfeiture of all pay and allowances, and reduction to Private E1 was approved by the convening authority.

Appellant asserts his court-martial lacked jurisdiction because the charges were not properly referred for trial. We disagree. He also argues the military judge erred by failing to find guilt only as to a lesser included offense of one of the specifications alleging unauthorized sale of military property. Again, we disagree. Relief will be given with respect to the forfeiture portion of the sentence, however, because of *United States v. Warner,* 25 M.J. 64 (C.M.A.1987).

### I. Jurisdiction

■ Appellant challenges, for the first time on appeal, the authority of Major General (MG) Lutz, Acting Commander, VII Corps, to refer the charges for trial. Documents admitted by this court reflect the following: On 6 October 1986, Lieutenant General (LTG) Chambers, Commander, VII Corps, sent a letter, Subject: Blanket Designation of Acting Corps Commander, to the Commander in Chief, United States Army Europe and Seventh Army. In the first paragraph of the letter, LTG Chambers requested (1) Department of the Army approval for a blanket designation of MG Lutz, Deputy Commander, VII Corps, as the Corps Commander in LTG Chambers' absence, and (2) that the blanket designation be effective for the duration of LTG Chambers' command of VII Corps. In the second paragraph, LTG Chambers noted that MG Stotser, Commander, 3d Infantry Division, was the senior major general assigned to VII Corps. On 10 October 1986, in a one word indorsement signed "FOR THE COMMANDER IN CHIEF" by the Chief of Staff, approval of LTG Chambers' requests were granted by U.S. Army Europe and Seventh Army. No evidence that the requests were forwarded to Department of the Army has been submitted to this court.

Relying upon the pertinent portion of an Army Regulation dealing with devolution of command, appellant contends MG Lutz was not properly designated as the Acting Commander because LTG Chambers' requests were not transmitted to Department of the Army for approval. The parties disagree over the applicability of *United States v. Jette,* 25 M.J. 16 (C.M.A.1987), based upon the facts in that case.

Although *Jette* is somewhat factually distinguishable, its holding focuses on "the realities of command, not the intricate dictates of service regulations," 25 M.J. at 19, when a question arises concerning the "power to convene a court-martial, appoint or replace members, and approve findings and sentence." 25 M.J. at 18. Here, the major commander, the Commander in Chief, U.S. Army Europe and Seventh Army, approved MG Lutz's blanket designation as Acting Corps Commander, VII Corps, during LTG Chambers' absences. No evidence has been presented that MG Stotser or any other officer challenged MG Lutz's right to command before higher authority. *See United States v. Jette,* 25 M.J. at 18–19. Accordingly, as MG Lutz was recognized as the Acting Commander, VII Corps, by both his superior and subordinate commanders, and as no evidence has been presented that he was not the Acting Commander in LTG Chambers' absence, we hold that he was the Acting Commander, VII Corps, on 16 December 1986 when he referred these charges for trial.

### II. Propriety of Findings

Among the specifications to which appellant entered pleas of guilty was Specification 2 of Charge II, which alleged the unauthorized sale, over nearly a two year period, of the following items of military property of the United States: Approximately twenty ash trays, three cases of paper towels, one case of napkins, one case of toilet paper, and two cases of paper plates. No individual value was alleged for any of the foregoing items, but a total aggregate value "in excess of $100.00" was asserted. When queried by the military judge whether any of the property individually or on any one day of sale had a value in excess of $100.00, the trial counsel replied in the negative. The military judge held that the maximum confinement for the alleged offense was one year, which is the maximum confinement for unauthorized sale of military property of a value of $100.00 or less.

The judge advised appellant that the maximum confinement for all offenses to which guilty pleas were entered was twelve years.[1] Recognizing a potential problem because of the difference between defense counsel's advice concerning the maximum confinement (twenty-six years) and the judge's advice (twelve years), the judge noted the discrepancy for appellant, and asked him whether he desired to continue with his pretrial agreement.[2] Appellant replied, "Yes, sir." The judge then found appellant guilty, *inter alia*, of the specification as alleged. Appellant now contends, for the first time, that it was error to find him guilty of unauthorized sale of military property of a value in excess of $100.00, and requests that we modify the finding to reflect a value of "some value."

■ Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 307(c)(4) states "[c]harges and specifications alleging all known offenses by an accused may be preferred at the same time. *Each specification shall state only one offense.*" (Emphasis added.) Consequently, the inclusion of more than one offense in Specification 2 of Charge II violated the rule and resulted in error. *United States v. Poole,* 24 M.J. 539, 541 (A.C.M.R.), *petition granted,* 25 M.J. 167 (C.M.A.1987). Trial defense counsel, however, did not object at trial and, by failing to object, waived the error. *Poole,* 24 M.J. at 541; R.C.M. 905(e). Moreover, a duplicitous specification is only significant with regard to the maximum sentence which may be imposed. *Poole,* 24 M.J. at 541. Because the military judge advised

appellant that the maximum confinement for all offenses was twelve years, which was the lowest possible confinement impossable,[3] and because appellant adhered to his pretrial agreement following further inquiry from the judge, his pleas of guilty were not induced by any misunderstanding of the maximum possible confinement. *See United States v. Frangoules,* 1 M.J. 467 (C.M.A.1976).

## III. Sentence

■ *United States v. Warner, supra,* held impermissible a sentence to forfeiture of all pay and allowances when confinement has not been approved. In *Warner,* the Court of Military Appeals reduced the forfeiture portion of the sentence to "forfeiture of two-thirds pay as E–1 per month until the discharge is executed." We will similarly reduce the sentence here, but will state the forfeitures as a specific dollar amount per month,[4] as required by R.C.M. 1003(b)(2).

## IV. Conclusion

The findings of guilty and only so much of the sentence as provides for a dishonorable discharge, reduction to the grade of Private E1, and forfeiture of $438.00 pay per month until the discharge is executed are affirmed. Executed forfeitures in excess of $438.00 pay per month will be restored to appellant.

---

1. The maximum confinement was computed as follows: The judge held Charge I and its Specification (signing a false official record) multiplicious for sentence with Specification 3 of Charge II (unauthorized sale of military property of some value), and limited the maximum confinement to that applicable to the unauthorized sale, one year, rather than the five years authorized for the signing of a false official record. *The maximum confinement for Specification 1 of Charge II (unauthorized sale of military property of a value in excess of $100.00) was ten years.* Thus, as those offenses authorized eleven years' confinement, and as the judge told appellant the maximum confinement for all offenses was twelve years, the judge, by mathematical deduction, must have determined the maximum confinement for Specification 2

of Charge II to be one year. We note that appellant received a windfall when the judge limited the confinement for Charge I and its Specification and Specification 3 of Charge II to only one year, rather than five years.

2. Appellant's pretrial agreement provided for an eighteen months' limitation on any approved confinement in return for his provident guilty pleas to all alleged offenses.

3. See n. 1, *supra.*

4. If appellant were recalled to duty from his current status of excess leave pending completion of appellate review, his basic pay per month as an E1 would be $658.20.