UNITED STATES, Appellee,

v.

Private E–1 Douglas R. PETERSON,
097–48–3504, United States
Army, Appellant.

ACMR 8701988.

U.S. Army Court of Military Review.

22 July 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Stewart C. Hudson, JAGC, Captain William E. Slade, JAGC (on brief).

For Appellant: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Margaret A. Schuyler, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

ADAMKEWICZ, Senior Judge:

Appellant was convicted by a general court-martial composed of officer and enlisted members, pursuant to his pleas, of three specifications of distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ]. His sentence to total forfeitures and a bad-conduct discharge

was approved by the convening authority. Before this court, he asserts that the military judge erred in permitting a witness to testify on his rehabilitative potential and retainability in the Army based solely on the nature of the offenses. We find no error meriting relief.

During the sentencing hearing, trial defense counsel called as a witness Staff Sergeant (SSG) Jones, who testified on appellant's duty performance. After SSG Jones described work that the appellant had performed, trial defense counsel then continued his direct examination:

DC: This panel doesn't know the accused. From your contact with him would you describe just his character. What do you think about him?

WIT: Well, I found him to be, you know from what I seen, a hard working individual. You know, when he'd get a mission he did the mission to the best of his ability and being around him I always got the impression that he was kind of layed [sic] back, but he knew his directions. He knew where he was headed.

DC: And your contact is primarily limited to his work on these two projects and your knowledge of his work on these two projects?

WIT: Yes sir.

Subsequently, on cross-examination by government counsel, the following occurred:

TC: Okay. If I told you he was up for distributing 3 times marijuana to an undercover CID agent would that change your opinion of his character?

WIT: No sir, it wouldn't.

TC: What's your opinion of a person who distributes drugs three times whether or not they ought to be in or out of the military?

DC: Well your honor, if it please the court, I didn't ask this witness anything about whether or not he should be in the Army, or whether or not he could be rehabilitated. I asked very specifically about his knowledge of the accused on those two projects and in the barracks

when they saw each other and that's all I asked.

TC: Your honor, he spoke to the character of the accused and that would be a matter that would go to his rehabilitative potential in or out of the Army. It's a factor that would weight on the panel's decision sir.

MJ: I think it's a proper question. I would allow it. Repeat the question.

TC: What is your opinion of the rehabilitative potential of an individual who distributes drugs three times to an undercover CID agent—one involving three ounces?

WIT: Well, sir the way I see it, you know, any type of drug peddling or anything like that, I don't believe they should be in the military. That's my personal opinion.

Trial defense counsel made no objection to this response.

Appellant now contends that SSG Jones' testimony on his rehabilitative potential and retainability in the Army violated the rule established in *United States v. Horner*, 22 M.J. 294 (C.M.A.1986). In *Horner* trial counsel called the accused's battery commander as a witness in aggravation and asked whether the accused had any rehabilitative potential. The commander responded that he did not believe the accused should be allowed to stay in the Army. During cross-examination, trial defense counsel established that the commander's opinion was based *solely* on the severity of the offense and not on the individual involved. On that basis, defense counsel moved to strike the testimony; that motion was denied. The Court of Military Appeals determined that the question asked for a response "based not on any assessment of appellant's character and potential, but upon the [witness'] view of the severity of the offense" and found such questioning improper. *Id.* at 296.

■ Here, however, the witness was called not by the government in aggravation, *see* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b) [hereinafter M.C.M., 1984 and R.C.M., respectively], but by defense coun-

sel in mitigation, R.C.M. 1001(c)(1)(B). Trial counsel was testing the basis of the witness' opinion testimony, *see* Mil.R.Evid. 701, 703, in order to discredit the credibility of that testimony. To do this, inquiry into relevant acts of misconduct was permissible on cross-examination. *See* Mil.R.Evid 405(a). We believe that, just as in the case of an expert witness, *see* Mil.R.Evid. 705, a lay witness who has given an opinion on direct examination may be called upon to give his or her reasons therefor on cross-examination to weaken or destroy the persuasive value of the opinion. A wide latitude should be permitted by the military judge in such an examination. *See* Mil.R. Evid. 611(b). Absent an abuse of discretion, we will not disturb the trial ruling. *See generally* 2 Wharton's Criminal Evidence § 396 (C. Torcia 14th ed. 1986). In light of the multiple drug distributions in this case, it was particularly appropriate for the prosecutor to examine the defense witness on his attitude towards the rehabilitation of the accused as a repeat drug offender and thereby attack the witness' candor and estimate of character.

■ Thus we do not believe *Horner* was violated here. Also, at no point, either before or after the answer by the witness, did trial defense counsel object that testimony on rehabilitative potential based solely on the offenses was not proper. His failure to so object, in the absence of plain error, did not preserve the issue for appeal. *See United States v. Smith*, 23 M.J. 714 (A.C.M.R.1986), *petition denied*, 25 M.J. 201 (C.M.A.1987); *see generally* R.C.M. 801(g) (failure to raise objection constitutes waiver thereof).

Trial defense counsel did lodge an objection that trial counsel's question went beyond the scope of his direct examination. Upon reviewing the record, it is clear that defense counsel erred in his characterization of his direct examination. In fact, he directed the broadest possible inquiry to SSG Jones, asking for him to describe the accused's character without limitation as to a specific trait, and then querying, "[w]hat do you think about him." Character consists of "a composite of good moral quali-

ties typically of moral excellence and firmness blended with resolution, self-discipline, high ethics, force, and judgment." *Webster's Third New International Dictionary, Unabridged* 376 (1965). *Cf. United States v. Vandelinder*, 20 M.J. 41, 45 (C.M.A.1985) (the term "military character" has a generally understood core meaning). In view of the breadth of the element, it was permissible, as we have noted, to explore the opining witness' attitude towards rehabilitation of a repeat offender.

■ Although the question asked was directed to rehabilitative potential, the response was to the effect that there is no room in the military for drug dealers. The answer was non-responsive and, on that basis, could have been struck. In the absence of any such motion, the military judge was not required to take corrective action *sua sponte*. We also recognize that opinion testimony recommending a specific sentence to be adjudged, whether on direct or cross-examination, is not proper evidence. *See United States v. Randolph*, 20 M.J. 850 (A.C.M.R.1985), *petition denied*, 21 M.J. 294 (C.M.A.1985); *United States v. Jenkins*, 7 M.J. 504 (A.F.C.M.R.1979), *petition denied*, 7 M.J. 328 (C.M.A.1979). However, the testimony that drug dealers should not be in the military was sufficiently general in nature that it did not run afoul of the prohibition against recommending an appropriate sentence and its allowance was within the broad discretion of the trial judge.

■ Finally, assuming *arguendo* that the admission of this evidence was error, we are convinced that the appellant was not prejudiced. Facing a maximum sentence of, *inter alia*, a dishonorable discharge and confinement for forty-five years, he negotiated a pretrial agreement limiting only his confinement time, to twenty-two months. It is inconceivable that, had SSG Jones' testimony not been admitted, appellant's sentence for three distributions of marijuana could be less than the bad-conduct discharge and total forfeitures which were adjudged.

We note that the approved sentence provided for total forfeitures with no confine-

ment. Such a sentence is impermissible. *See United States v. Warner,* 25 M.J. 64 (C.M.A.1987); *United States v. Wakeman,* 25 M.J. 644 (A.C.M.R.1987). We will reduce the forfeiture portion of the sentence to two-thirds pay per month for a period of nine months.

Accordingly, upon consideration of the entire record, including the issue personally asserted by appellant, the findings of guilty and only so much of the sentence as provides for a bad-conduct discharge and forfeiture of $447.00 pay per month for nine months are affirmed. Executed forfeitures in excess of $447.00 pay per month will be restored to appellant. *See Wakeman,* 25 M.J. at 646.

Judge LYMBURNER and Judge SMITH concur.