UNITED STATES, Appellee,

v.

Sergeant First Class Mavis A. ANTONITIS, 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, United States Army, Appellant.

ACMR 8702792.

U.S. Army Court of Military Review.

25 July 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

On 24 and 25 August 1987, appellant was tried by a general court-martial composed of officer members, and, contrary to her pleas, convicted of wrongful possession with intent to distribute and wrongful introduction of about .25 grams of methamphetamine, in violation of Article 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 912a (Supp. II 1984). The convening authority approved the sentence to a bad-conduct discharge, total forfeitures, and reduction to Private E–1. Appellant alleges, *inter alia*, that the military judge erred when he, over defense objection, admitted into evidence a typed statement purporting to be appellant's confession that was neither signed nor adopted by appellant.

On 10 April 1987, special agents (having previously received information that appellant was distributing methamphetamine, cocaine, and marijuana) searched appellant's automobile and found her pocketbook. Two vials of powder containing a total of about .25 grams of methamphetamine were in the pocketbook. Appellant was subsequently interviewed by Special Agent (SA) Lee concerning wrongful possession and distribution of drugs. During the interview SA Lee prepared a typed statement on a DA Form 2823 which purportedly contained a verbatim record of his questions and appellant's responses. After answering some questions, appellant declined to continue the interview and refused to sign the statement. The typed

statement contains purported admissions of drug dealings over an extended period of time and an admission that the methamphetamine found in her pocketbook was hers.

At trial appellant testified she had discovered the drugs in her car that morning and had intended to turn them over to proper authorities. She further stated that she had never possessed or distributed drugs and that the statement prepared by SA Lee did not reflect what she had stated. Special Agent Lee testified as to appellant's statements and admissions during the interview and used the statement to refresh his recollection. The typed statement was admitted over trial defense counsel's objection that it was an inadmissible hearsay statement as it had not been signed or adopted by appellant. The military judge ruled that the statement was admissible stating that Military Rule of Evidence (M.R.E.) "801(d)(2)(A) would not appear to require adoption...."

■ We find that the military judge erred. The prerequisite for admission of a written statement under M.R.E. 801(d)(2) is that the statement be either made or adopted by the party opponent.[1] *United States v. Felix–Jerez*, 667 F.2d 1297 (9th Cir.1982). The typed statement in this case was not made by appellant but by SA Lee during the course of the interview. There is no evidence in the record of adoption by appellant. *Cf. Wong Sun v. United States*, 371 U.S. 471, 491, 83 S.Ct. 407, 419, 9 L.Ed.2d 441 (1963) (where it is clear by the conduct of the defendant that he adopts its contents, an unsigned admission may be admitted). The statement is a recorded recollection of SA Lee as to the statements made by appellant during the interview. It is hearsay and must meet an exception to the hearsay rule before it is admissible. Military Rule of Evidence 803(5) allows the admission of past recollections recorded if it is first established that the witness'

memory is impaired and cannot be refreshed. In this case the witness' memory was sufficient to allow his testimony.

■ Although the admission of the written statement was error we find, after a review of the entire record, that the admission of the exhibit was harmless error as it provided only unessential details to SA Lee's properly admitted testimony as to appellant's statements at trial and that the competent evidence of record overwhelmingly established the appellant's guilt beyond a reasonable doubt. *United States v. Remai*, 19 M.J. 229 (C.M.A.1985); *United States v. Richardson*, 15 M.J. 41 (C.M.A. 1983); UCMJ art. 59(a), 10 U.S.C. § 859(a).

■ Appellant further asserts, the government concurs, and we agree, that the convening authority erred by approving total forfeitures of all pay and allowances when confinement was not adjudged. *United States v. Warner*, 25 M.J. 64 (C.M.A.1987); *United States v. Wakeman*, 25 M.J. 644 (A.C.M.R.1987). We will take corrective action in our decretal paragraph.

We have considered the other errors raised, including those personally raised by the appellant, and find them to be without merit.

The findings of guilty are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $447.00 pay per month for 9 months, and reduction to the grade of Private E–1 are affirmed.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.

---

1. M.R.E. 801(d) *Statements which are not hearsay.* A statement is not hearsay if:
   ....
   (2) *Admission by party-opponent.* The statement is offered against a party and is (A) the party's own statement in either the party's individual or representative capacity, or (B) a statement of which the party has manifested the party's adoption or belief in its truth....