UNITED STATES, Appellee,

v.

Staff Sergeant Lemoine B. HAYNES, 575–78–2469, United States Army, Appellant.

ACMR 8800487.

U.S. Army Court of Military Review.

28 Sept. 1989.

---

For Appellant: Colonel John T. Edwards, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Clay E. Donnigan, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellant Military Judges.

## OPINION OF THE COURT

VARO, Judge:

Appellant was convicted by a general court-martial consisting of officer and enlisted members of assault with a dangerous weapon and assault with intent to inflict grievous bodily harm, violations of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of $250.00 pay per month for twelve months, and reduction to E1.

Appellant's first assignment of error is that he was substantially prejudiced by the improper testimony of his company commander. On direct examination the company commander testified that appellant had no rehabilitative potential in the military "[b]ased on the serious nature of the offenses." On cross-examination ·by the trial defense counsel, the company commander stated that his assessment was "based on both the seriousness of the offense and a breach of integrity." Trial

defense counsel raised no objection to the line of questioning being pursued nor the answers given. No instructions were requested by trial defense counsel on this issue. Appellate defense counsel argue that because the integrity referred to is directly related to the offense committed, the testimony of the company commander was objectionable. *United States v. Horner*, 22 M.J. 294 (C.M.A.1986). We agree with appellant's assertion that the company commander's statement was objectionable in light of *Horner*. However, we hold this not to be "plain error" within the meaning of the Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 103(d), and consequently, that trial defense counsel's failure to object waived this issue on appeal. Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial [hereinafter R.C.M.] 801(g) and 1005(f). *United States v. Smith*, 23 M.J. 714 (A.C. M.R.1986), *petition denied*, 25 M.J. 201 (C.M.A.1987).

Appellant further contends that the military judge erred by improperly rejecting his plea of guilty and then remaining on the case, thus requiring appellant to have a jury trial. The appellant's right to plead guilty as set forth in Article 45, UCMJ, 10 U.S.C. § 845, and R.C.M. 910(a) is tempered by the mandate for inquiry by the military judge to determine whether the plea is provident. *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969); R.C.M. 910(e). During the *Care* inquiry, the military judge's questions to the accused led to a conclusion that self-defense might be present. We find that the inquiry by the military judge was sufficient and that his rejection of the plea was not arbitrary. *See United States v. Johnson*, 12 M.J. 673 (A.C.M.R.1981). In that the appellant had no absolute right to a trial by military judge alone, and there is no evidence in the record which demonstrates judicial bias which would have required the military judge to recuse himself once he found the plea improvident, the military judge committed no error. *See* R.C.M. 903(c)(2)(B); *United States v. Sherrod*, 26 M.J. 30 (C.M. A.1988).

Appellant's third assignment of error is that the military judge erred by failing to instruct the members on the defense of voluntary intoxication. No such instruction was requested nor was the defense raised at trial and the issue is considered waived on appeal absent "plain error." R.C.M. 801(g), 1005(f). Our review of the evidence reveals no "plain error" to warrant appellate relief. The evidence presented at trial indicates that the appellant was intoxicated at the time of apprehension and that he had a blood alcohol level of 1.87. However, nothing in the evidence indicates the appellant was incapable of forming specific intent. *See United States v. Bright*, 20 M.J. 661 (N.M.C.M.R. 1985). Statements by witnesses and one of the victims reveal the appellant was well aware of his actions. The assignment of error is without merit.

Appellant's fourth assignment of error is that the evidence is insufficient to prove beyond a reasonable doubt that the victim of the first charged assault received grievous bodily harm. The treating physician testified that the slice across the victim's chest required stitches but he considered it was superficial because it did not involve the underlying muscle. He further testified that the wound on the victim's arm also required stitches but was considered not serious because it was not a threat to life or limb. The definition of grievous bodily harm in the Manual for Courts–Martial, United States, 1984, Part IV, paragraph 54c(4)(a)(iii) is not all inclusive:

> Grievous bodily harm means serious bodily injury. It does not include minor injuries such as a black eye or a bloody nose, but does include fractured or dislocated bones, deep cuts, torn members of the body, serious damage to internal organs and *other serious bodily injury*. (Emphasis added.)

As noted by the Court of Military Appeals in *United States v. Spearman*, 48 C.M.R. 405, 407 (C.M.A.1974), "whether the injuries are sufficiently serious to constitute grievous bodily harm is a question of fact best left to the court members." Our re-

view of the evidence leads us to the same conclusion as the trial court and we find that grievous bodily injury did occur in this case.

Appellant also has requested a review of the sentence for appropriateness. While the appellant had a fine military record prior to these offenses, the sentence is appropriate for the offenses for which the appellant was found guilty.

The findings of guilty and the sentence are affirmed.

Senior Judge FOREMAN and Judge SMITH concur.