**UNITED STATES, Appellee,**

v.

**Sergeant Sonfra P. LIZASUAIN, 262–71–3085, United States Army, Appellant.**

ACMR 8802202.

U.S. Army Court of Military Review.

22 Feb. 1990.

For Appellant: Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Major Martin D. Carpenter, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

KUCERA, Senior Judge:

Contrary to her pleas, the appellant was convicted by a special court-martial of one specification of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987). An officer panel sentenced her to a bad-conduct discharge, six months of confinement, forfeiture of $447.00 pay per month for six months and reduction to the grade of Private E1. The convening authority approved the findings and sentence.

On appeal, this court specified the following two issues:

### I

WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY ALLOWING AN OPINION FROM THE APPELLANT'S COMPANY COMMANDER THAT THE APPELLANT HAD NO REHABILITATIVE POTENTIAL BECAUSE OF DRUG USE WHEN THE COMMANDER ALSO TESTIFIED THAT ANYONE USING DRUGS HAD NO POTENTIAL FOR FURTHER SERVICE. *SEE* R.C.M. 1001(b)(5); *UNITED STATES V. HORNER*, 22 M.J. 294 (C.M.

A.1986); *UNITED STATES V. OHRT*, 28 M.J. 301 (C.M.A.1989).

### II

DID THE MILITARY JUDGE ERR BY ALLOWING THE COMPANY COMMANDER TO, IN EFFECT, PRESENT A DISCOURSE TO THE COURT–MARTIAL PANEL MEMBERS ON THE EVILS OF DRUG AND ALCOHOL ABUSE, RATHER THAN A PRESENTMENT OF AGGRAVATING CIRCUMSTANCES DIRECTLY RELATING TO OR RESULTING FROM THE APPELLANT'S OFFENSE OR A PARTICULARIZED OPINION AS TO THE APPELLANT'S REHABILITATIVE POTENTIAL? IF SO, WAS THE ERROR WAIVED BY LACK OF TIMELY OBJECTION?

Through counsel, appellant asserts that her record of trial is incomplete due to the absence of the court-martial convening order and that the seizure of appellant's urine, and the subsequent introduction of its analysis into evidence, was unreasonable and violated the fourth amendment of the United States Constitution. Additionally, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), appellant personally urges the court to consider that (1) she did not ingest cocaine between 17 April and 17 May 1988; (2) she does not know how her urinalysis came back positive; (3) the taking of urine on 17 May 1988 was amidst a lot of confusion and was very unprofessional; (4) there was insufficient evidence to convict her; and (5) the sentence was too severe.

The government's case was based on appellant's urinalysis test results. The court heard testimony about the procedures employed in obtaining appellant's specimen, chain of custody, and the laboratory testing procedures. The positive test results showing the presence of cocaine metabolites were admitted without objection.

After the court found appellant guilty of wrongful cocaine use, appellant's unit commander testified in the sentencing phase of the trial. In his view, based solely on the severity of the offense, appellant lacked

rehabilitative potential; the trial defense counsel did not object to this testimony.

■ In our view, the commander's testimony about the appellant's lack of rehabilitative potential based solely on the severity of the wrongful use of cocaine was objectionable but did not constitute "plain error" within the meaning of Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 103(d). The trial defense counsel's failure to object waived the issue on appeal. Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 801(g) and 1005(f). *See United States v. Wolfe,* 29 M.J. 1018 (A.C. M.R.1990), *United States v. Smith,* 23 M.J. 714 (A.C.M.R.1986), *pet. denied,* 25 M.J. 201 (C.M.A.1987), *United States v. Haynes,* 29 M.J. 610 (A.C.M.R.1989). We, also do not think the commander's testimony generally about drugs and young soldiers in his unit constituted prejudicial error.

The assertion that the record of trial is incomplete because the court-martial convening order is missing no longer holds true. Court–Martial Convening Order Number 30 has been obtained and properly inserted in the record of trial. The order discloses no irregularity in the composition of the panel in appellant's case.

■ The appellant's contention that in light of the Supreme Court's decision in *National Treasury Employees Union v. Von Raab,* 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989) [hereinafter *National Treasury*], the Court of Military Appeals' decision in *Murray v. Haldeman,* 16 M.J. 74 (C.M.A.1983) is erroneous and no longer binding is unfounded. In our view, the majority opinion in *National Treasury* reaffirmed the basic premise that the Army's warrantless drug testing program is subject to the reasonableness requirement of the fourth amendment. The Supreme Court's rationale in upholding the constitutionality of the drug testing program used by the United States Customs Service was based upon consideration of factors peculiar to the Customs Service's mission; if anything, the Court reinforced *Haldeman, supra,* that the compulsory urinalysis program within the military falls within the ambit of reasonableness mandated by the fourth amendment.

■ The severity of appellant's sentence must be considered in terms of the debilitating effect of drug abuse upon the discipline and combat readiness of the unit and in consideration of this drug abuser's position of responsibility within the organization and chain of command. *See United States v. Trottier,* 9 M.J. 337, 345 (C.M.A. 1980), *United States v. Brooks,* 14 M.J. 813 (A.C.M.R.1982); *United States v. Yoakum,* 14 M.J. 959 (A.C.M.R.1982), *pet. denied,* 17 M.J. 23 (C.M.A.1983). The appellant was a sergeant who was a noncommissioned officer in a maintenance company. This unit had a 24-hour a day mission to provide the missile and conventional direct support maintenance to an Air Defense Artillery Battalion in West Germany. Her specific job was that of a Nuclear, Biological and Chemical (NBC) NCO. In a conversation with her doctor during the course of medical treatment for nasal congestion in 1988, she admitted that some two years prior, in 1986, at Fort Bliss, Texas, she had a habit of very heavy cocaine use[1] and participated in the command's drug and alcohol program. The instant conviction for use of cocaine makes it clear that she was not able to kick the habit. "[I]f one element of the noncommissioned officer's duties is to lead by example, the example appellant set

---

1. The following is an excerpt from the testimony of the doctor, a staff physician, at the 2d General Hospital, Landstuhl, West Germany:

Q: Did she mention how much money she was spending on cocaine?
A: She did.
Q: And what did she say?
A: She said that about maybe $1,000 a day she said [sic] she used.
Q: Did she say where she had gotten the money?

A: She did.
Q: Where did she say that was?
A: She said that she got the money from insurance money given to her at the death of her husband.
Q: And that at some point she had stopped using cocaine?
A: She did, yes.

for [her subordinates,] ... the Army and society could well do without." *Yoakum,* 14 M.J. at 962 (footnote omitted). In our view, appellant's sentence was eminently fair and appropriate.

The other issues personally asserted by the appellant were fully litigated at trial and found lacking in merit. We too resolve those issues against her beyond a reasonable doubt.

The findings of guilty and the sentence are affirmed.

Judge GILLEY and Judge GIUNTINI concur.