UNITED STATES, Appellee,

v.

Chris KALPAKIDIS, Private First Class, U.S. Army, Appellant.

No. 31,312.

U. S. Court of Military Appeals.

April 9, 1976.

**394**

Colonel Alton H. Harvey, Captain Michael R. Caryl, Captain Donald R. Jensen, and Captain John R. Osgood were on the pleadings for Appellant, Accused.

Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Conrad J. Rybicki, and Captain William C. Kirk were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

The appellant was tried by general court-martial for forcible sodomy on a boy under 16 years of age, and for taking indecent liberties with the same victim on a later occasion, in violation of Articles 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934, respectively.

Over objection of defense counsel, the boy's mother was allowed to testify that on the date of the second offense, her son told her the accused had committed an act of forcible sodomy on him approximately a month earlier. He did not, however, mention the second incident, although it allegedly occurred only hours before. The boy was reluctant to talk about the crime, but she was able to elicit its details by questioning him. Her testimony did not differ to any significant extent from her son's testimony. The military judge permitted the mother to testify on the theory that her son's statements to her were fresh complaint; but, later in the trial, he reversed himself and instructed the court members that there was a lack of fresh complaint as to both offenses. He did not instruct them to disregard the testimony of the victim's mother. Defense counsel did not request an instruction to strike, but after the court members announced their findings of guilty to both offenses, he moved for a mistrial. The motion was denied without comment.

In its opinion, the United States Army Court of Military Review held that the inadmissible hearsay testimony of the mother affected only the accused's conviction of sodomy, and it ordered this offense dismissed. In his petition before this Court, the appellant claims that the court erred in this conclusion in that it should also have set aside the findings of guilty as to the indecent liberties offense. We agree.

When hearsay evidence is erroneously received into evidence as fresh complaint, reversal is required if the error materially prejudices the substantial rights of the appellant. *United States v. Bennington*, 12 U.S.C.M.A. 565, 31 C.M.R. 151 (1961). The purpose of fresh complaint is to corroborate the testimony of the victim of a sexual offense. *United States v. Annal*, 13 U.S.C.M.A. 427, 32 C.M.R. 427 (1963). Although the mother's testimony related only to the first offense, the offenses are so interrelated as to be inseparable. Both involved the same victim, consisted of an act of sexual perversion, and had connecting circumstances that established the accused and the victim were not strangers to each other. As the Court of Military Review deemed the mother's testimony to be materially corroborative of the victim's in regard to the first offense, we

cannot say, as a matter of law, that it did not have a material impact on the court members as to the second and interrelated offense. *Cf. United States v. Sessions,* 10 U.S.C.M.A. 383, 27 C.M.R. 457 (1959).[1]

The decision of the United States Army Court of Military Review is reversed, and the findings of guilty of Charge II and its specification and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to the same or a different convening authority. A rehearing may be ordered.

Judge PERRY did not participate in the decision of this case.

---

1. Our conclusion as to this assignment of error makes it unnecessary for us to discuss the other two assignments of error.