**UNITED STATES, Appellee,**

v.

**Jackie W. BROOKS, Specialist Four, U.S. Army, Appellant.**

No. 55,238.

SPCM 21680.

U.S. Court of Military Appeals.

April 25, 1988.

For Appellant: *Captain Stephanie C. Spahn* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen, Captain David W. Sorensen, Captain Scott A. Hancock* (on brief); *Lieutenant Colonel Charles A. Zimmerman, Major Joel D. Miller, Captain Annamary Sullivan.*

For Appellee: *Captain Gary L. Hausken* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Samuel J. Rob* (on brief).

## Opinion of the Court

COX, Judge:

Appellant was tried at Mannheim and Heidelberg, Federal Republic of Germany, by a special court-martial composed of officer members, for the offenses of possession with intent to distribute and wrongful distribution of marijuana and hashish, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. Contrary to his pleas, he was found guilty and sentenced to a bad-conduct discharge, confinement and forfeiture of $413.00 pay per month for 6 months, and reduction to the grade of E–1. The convening authority approved the sentence, and the Court of Military Review affirmed in a short-form opinion.

We granted review to consider:

WHETHER APPELLANT WAS SUBSTANTIALLY PREJUDICED ON FINDINGS BY THE ADMISSION OF HEARSAY EVIDENCE AND EVIDENCE OF UNCHARGED MISCONDUCT INDICATING THAT APPELLANT WAS A "DRUG TRAFFICKER."

Appellant's assertion of error arises from the military judge's ruling permitting a government witness to characterize appellant as a "drug trafficker" and his ruling permitting another government witness to give hearsay evidence that appellant had threatened the confidential informant with a gun at some point during the drug inves-

tigation. Timely objections were made to admissibility of this testimony.

Appellant further complains that a third witness' testimony that appellant had given drugs to that witness' child and had been selling drugs to soldiers for many years constituted uncharged misconduct, the admission of which was plain error.

We hold that admission of this evidence was error. Mil.R.Evid. 403 and 404, Manual for Courts-Martial, United States, 1984. However, its admission was harmless under the circumstances of this case. Mil.R. Evid. 103; Art. 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Weeks,* 20 M.J. 22, 25 (C.M.A. 1985).

First, we note that the Government's case against appellant was strong and conclusive. It included the testimony of the three drug-suppression-team agents who orchestrated and observed the controlled purchases and the testimony of the confidential informant who was used to make the drug purchases from appellant. The Government's case also consisted of the seizure of hashish from appellant's quarters, recovery of CID funds from appellant's wallet, and appellant's sworn statement wherein he admitted that he sold drugs. The hearsay evidence that appellant was a "drug trafficker" was cumulative. The hearsay evidence that appellant had once threatened the confidential informant with a gun arose in the context of the apprehending agent's explanation for drawing his weapon in effecting the apprehension. No weapon was found on appellant or in his quarters, and possession of a weapon was not an issue in the case. The testimony that appellant had given drugs to the confidential informant's child was offered to explain the informant's motive for assisting the Government. It was a brief statement which was neither pursued by trial counsel nor objected to by appellant at trial. None of the objectionable evidence appreciably added to the Government's case.

Second, the defense theory of the case was weak. The scenario that the confidential informant was selling drugs to appellant, evading the CID's thorough searches of his person and his vehicle prior to the controlled transactions, and planting the CID funds on appellant, was implausible. Third, whether appellant had given drugs to a child or threatened someone with a gun were tangential matters not material to the issues in the case. Fourth, the military judge gave the defense-requested limiting instruction on uncharged misconduct, and trial counsel did not refer to the objectionable evidence in his argument on findings.

Appellant is "entitled to a fair trial, not 'an error-free, perfect trial.'" *United States v. Owens,* 21 M.J. 117, 126 (C.M.A. 1985), citing *United States v. Hasting,* 461 U.S. 499, 508, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983). Upon examination of the entire record, we are convinced beyond a reasonable doubt that the erroneous admission of this evidence did not prejudice appellant. Accordingly, appellant is not entitled to relief.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.