**146**

UNITED STATES, Appellee,

v.

Scott A. HALLOCK, Major, U.S.
Army, Appellant.

No. 57,789.

CM 448847.

U.S. Court of Military Appeals.

Oct. 17, 1988.

For Appellant: *Captain Stephen W. Bross* (argued); *Mark L. Waple*, Esq. (on brief).

For Appellee: *Captain Carlton L. Jackson* (argued); *Colonel Norman G. Cooper* and *Lieutenant Colonel Gary F. Roberson* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

In February 1986, appellant was tried at Fort Bragg, North Carolina, by a general court-martial composed of members. Contrary to his pleas, he was found guilty of two specifications of wrongfully and dishonorably making a false official statement, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933. He was sentenced to dismissal from the service. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed the findings and sentence on February 20, 1987.

This Court granted review of the following issue:

> WHETHER THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR IN DENYING THE DEFENSE MOTION TO SUPPRESS THE STATEMENTS OF THE ACCUSED.

We conclude that any error in admission of this evidence which may have occurred in this case was harmless beyond any doubt. Art. 59(a), UCMJ, 10 U.S.C. § 859(a). *See generally United States v. Remai*, 19 M.J. 229, 233 (C.M.A.1985).

Appellant was charged with making three false official statements to officers investigating an unauthorized sport parachute jump from an AH–1S Cobra helicopter. A Cobra is a two-seat attack helicopter without accommodations for carrying passengers. He was also charged in the fourth specification of Charge I with wrongfully participating in a sport parachute jump from the Cobra in violation of Army regulations. Appellant was finally charged in Charge II with the wrongful appropriation of a UH–1H helicopter on or about June 26, 1985. The UH–1H, com-

monly known as a "Huey," is a utility helicopter capable of carrying passengers or cargo.

Specification 1 of Charge I was based on the statement appellant was alleged to have made to Major Douglas Smith on July 8, 1985. Major Smith, an investigating officer appointed under Army Regulation 15–6 (Ch. 1, 1981), was detailed to determine whether an unauthorized jump had occurred. When questioned by Major Smith, appellant purportedly stated that he had not seen a sport parachute jump from a Cobra on June 26, 1985, at the St. Mere Eglise Drop Zone at Fort Bragg.

Specification 2 of this same Charge was based on the statement appellant was alleged to have made to Theodore Dexter on July 3, 1985. Mr. Dexter, a civilian, was the Fort Bragg and XVIII Airborne Corps Safety Director. He had heard that a Cobra jump had occurred and detailed his subordinate to investigate it. Appellant allegedly telephoned Mr. Dexter and told him that a Cobra jump had not occurred at St. Mere Eglise Drop Zone on June 26, 1985.

Specification 3 was based on the statement which appellant was alleged to have made to Captain Joseph Andrzejewski on July 2, 1985. Captain Andrzejewski was the Fort Bragg Sport Parachute Safety Officer who was directed by Mr. Dexter to investigate the rumor of an unauthorized Cobra jump. Captain Andrzejewski met with appellant and asked him if he had participated in a Cobra jump. Appellant denied participation in the jump. Captain Andrzejewski did not give appellant his Article 31, UCMJ, 10 U.S.C. § 831, warnings prior to questioning.

Charge II involved an alleged misappropriation of a UH–1H helicopter on June 26, 1985, by appellant. The pilot of the Huey, Mr. James Wooden, testified that he took appellant and three others from St. Mere Eglise Drop Zone to the Raeford Airfield. He could not identify the person who approached him and made the request for the unauthorized deviation from the flight plan.

During a pretrial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, appellant moved for suppression of any statements he made to Captain Andrzejewski on the basis that he was not given his Article 31 rights. This motion was denied. Appellant then successfully moved to dismiss specification 4 of Charge I, the unauthorized parachute jump, for failing to state an offense. At the close of the Government's case-in-chief, appellant unsuccessfully moved for a finding of not guilty of Charge II. He also made a motion for a finding of not guilty to specification 3 of Charge I, making a false official statement to Captain Andrzejewski. The military judge dismissed this specification at that time.

In pertinent part, the military judge advised the members upon their return:

> Gentlemen, out of your presence, I directed a finding of not guilty as to Specification 3 of Charge I. That's the allegation of false official statement to Captain Andrzejewski. I specifically found that there was indeed no, at that time, official inquiry and, if there had been, [it] had not been under circumstances adequate enough to convey to the perception of the accused that he was being asked to respond in an official manner. With that finding, it necessitated a finding of not guilty. Accordingly, your considerations are now limited to Specifications 1 and 2 of Charge I, that is false official statements under 133; not merely false official statement, but a false statement in violation of Article 133, and I'll give you the elements of that offense at the conclusion of all evidence. As to—made to Major Smith and to Mr. Dexter, as well as the offense of wrongful appropriation of the helicopter. Any questions? (Negative response.)
>
> \*    \*    \*    \*    \*    \*
>
> I should emphasize now, all the evidence that you've received in connection with that charge, that is Captain Andrzejewski's testimony and any other information relating to that charge, you must disregard now in your consideration of the remaining charges and offenses, and

specifically, obviously, you may not conclude that, because he may or may not have given a—the accused may not have given what you perceive to be a false response to Captain Andrzejewski, that he therefore is responsible or indeed guilty of the other offenses. You must disregard the evidence pertaining to that specification.

At the close of trial, the members were left to deliberate upon specifications 1 and 2 of Charge I, and Charge II and its specification. The members found appellant guilty of the two specifications of making a false official statement, but they found him not guilty of misappropriating the UH–1H helicopter.

-------

The granted issue before this Court asks whether it was error for the military judge to deny the defense motion to suppress statements made to Captain Andrzejewski because of his failure to give appellant appropriate warnings under Article 31. *See generally United States v. Duga,* 10 M.J. 206 (C.M.A.1981). The answer to this question depends in large part on the particular circumstances in which the statements were made. *Compare United States v. Lee,* 25 M.J. 457 (C.M.A.1988), *with United States v. Lavine,* 13 M.J. 150 (C.M.A. 1982).

We note in this case that Captain Andrzejewski was present at St. Mere Eglise Drop Zone when the parachute jump from the Cobra was alleged to have occurred. He testified that he did not himself initially believe a Cobra jump had occurred. Nevertheless, he admitted that he was acting under the direction of Mr. Dexter when he inquired whether such a jump had occurred, and he had earlier been told appellant may have been involved. *Cf. United States v. Jones,* 24 M.J. 367 (C.M.A.1987).

Captain Andrzejewski also testified that he used an informal approach in asking appellant whether he knew of the alleged Cobra jump. *See United States v. Duga, supra.* Finally, Captain Andrzejewski testified that he did not himself believe that he was investigating an illegal act; or that parachuting from Cobra helicopters was itself illegal. *See United States v. Morris,* 13 M.J. 297 (C.M.A.1982). Despite our concern in this matter,[1] we need not decide whether this officer's testimony was inadmissible under Article 31(d). *See* Mil. R. Evid. 305, Manual for Courts-Martial, United States, 1984. *See generally New York v. Burger,* 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987).

Assuming the military judge erroneously denied appellant's motion to suppress his July 2, 1985, statement to Captain Andrzejewski, we hold that this error was unquestionably harmless. *See generally United States v. Brooks,* 26 M.J. 28 (C.M.A.1988). *First,* we note that specification 3 of Charge I, the alleged false statement to Captain Andrzejewski, was dismissed by the military judge. Moreover, the military judge particularly characterized this dismissal to the members as a finding of not guilty of this offense. *Second,* the military judge expressly instructed the members to completely disregard Captain Andrzejewski's testimony. He particularly told them that they could not use Captain Andrzejewski's testimony to find appellant guilty on the other specifications or Charges. *Cf. United States v. Kalpakidis,* 1 M.J. 393 (C.M.A.1976). Third, in the context of this court-martial, we conclude that the inadmissible testimony of Captain Andrzejewski was not shown to have any untoward spillover effect on appellant's trial for his subsequent false statements to Mr. Dexter or Major Smith.[2] *Cf. United States v. Rappaport,* 22 M.J. 445, 447 (C.M.A.1986).

---

**1.** We also need not decide whether the testimony of Captain Andrzejewski was inadmissible under paragraphs 1–7 or 1–9, Army Regulation 385–40 (1980).

**2.** Captain Andrzejewski's testimony was contradicted by appellant. Moreover, it was not directly relied upon by the prosecution to show

appellant's guilt of making subsequent false statements to Mr. Dexter and Major Smith. Finally, it had little bearing on the core of appellant's defense to the subsequent charges, namely, that neither Mr. Dexter nor Major Smith particularly asked him whether he participated in this parachute jump.

*Fourth,* no request for further limiting instructions or other relief on this matter was made by defense counsel. *See* R.C.M. 905(b)(5) and 920(e)(7), Manual, *supra.* Accordingly, we are entirely convinced that any error committed by the military judge in allowing Captain Andrzejewski to testify as to appellant's purported statement was harmless.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.