CRAWFORD, Judge
(dissenting):
While I agree that trial counsel’s argument was at times improper and unprofessional, there is nothing to indicate that any such error materially prejudiced Appellant’s substantial rights. Thus, whether or not defense counsel’s objections are preserved for *193 appeal, I agree with the United States Air Force Court of Criminal Appeals (CCA) that “[v]iewed in the context of the case as a whole, including the strength of the government’s evidence ... the prosecution argument did not ‘undermine the fundamental fairness of the trial and contribute to a miscarriage of justice.’ ” United States v. Fletcher, No. ACM 34945, 2004 WL 388983, slip op. at 8 (A.F.Ct.Crim.App. Feb. 27, 2004). For this reason, I find that any improprieties by trial counsel in this case were harmless, and I therefore respectfully dissent.

Objections by Defense Counsel

As noted, defense counsel remained silent during the Government’s primary findings argument, and made only two objections relevant here during the Government’s rebuttal. The military judge promptly sustained both objections, and admonished trial counsel not to remark further on defense counsel’s character. There were no objections to the remaining three categories of alleged prosecutorial misconduct.
Significantly, this Court has previously noted that “ ‘the lack of defense objection is relevant to a determination of prejudice’ because the lack of an objection ‘is some measure of the minimal impact of a prosecutor’s improper comment.’ ” United States v. Gilley, 56 M.J. 113, 123 (C.A.A.F.2001) (quoting United States v. Carpenter, 51 M.J. 393, 397 (C.A.A.F.1999)); see also United States v. Doctor, 7 C.M.A. 126, 135, 21 C.M.R. 252, 261 (1956) (“It is a little difficult for us to find misconduct which compels a reversal when it purportedly arises out of an argument which had so little impact on defense counsel that they sat silently by and failed to mention it ... at the time of trial.”).
Here, aside from the probable minimal impact of trial counsel’s remarks, defense counsel had independent reasons to believe that any objections would be futile. Trial counsel’s references to religious figures, for example, were “fair response” defense witness testimony concerning Appellant’s affiliation with the Baptist church and his living a “Christian life.” Gilley, 56 M.J. at 120. Other courts have found harmless error under a theory of “invited response” where the Government included religious statements in the closing argument. See, e.g., Boyd v. French, 147 F.3d 319, 329 (4th Cir.1998) (biblical references by prosecution were invited by appellant’s testimony concerning his salvation while in prison awaiting trial, and statement that Satan beguiled him into committing the murder); Fahy v. Horn, 2003 WL 22017231, at *53, 2003 U.S. Dist. LEXIS 14742, at *152 (E.D.Pa.2003) (prosecutor’s statement that defendant was the “representative of Satan who committed this act” was invited by defense counsel’s remark that “[sjomeone, some representative of Lucifer or Satan went into that house and did this unconscionable deed.”).

Strength of the Government’s Case

In finding plain error below, the majority assigns undue significance to the Government’s findings argument, and not enough weight to the trial as a whole. Trial counsel’s allegedly improper comments are limited to twenty-one pages of the transcript, among what the majority characterizes as “an otherwise long and uneventful trial.” Whether or not eventful, the CCA concluded — and I agree — that the Government’s ease against Appellant was strong. Notwithstanding Appellant’s efforts to attack the laboratory and the results of his two drug tests, the CCA found:
[T]he uncontroverted testimony of [Dr. Jain] established that the urine testing was done properly, that any mistakes attributable to the laboratory were minimal and did not impugn the reliability of the results, and that the two tests were sufficiently far apart so as to reflect two separate and distinct ingestions of cocaine.
Fletcher, No. ACM 34945, 2004 WL 388983, slip op. at 7.
By contrast, Appellant’s innocent ingestion theory was relatively weak. The members could very reasonably have dismissed Appellant’s suggestion that the cocaine he ingested was placed in his food by a drug-handling chef: “[I]s it so preposterous that here in Cocoa Beach ... a cook, a chef, a bartender, the delivery person using cocaine ... could be using [it] on food preparation surfaces. It *194 could be in a bar and people wiping it clean and it falling into glasses____” As the CCA noted, “appellant’s own testimony provided no reason seriously to believe or even suspect that an unknowing ingestion had occurred.” Fletcher, No. ACM 34945, 2004 WL 388983, slip op. at 7. We have previously considered the plausibility of an appellant’s defense theory in determining prejudice from error. See e.g., United States v. Walker, 42 M.J. 67, 74 (C.A.A.F.1995) (finding “patently feeble” appellant’s innocent ingestion theory based on “consumption of ‘crumb cake’ during a drinking party,” testimony that “his lips were ‘numb and tingly,’ and the subsequent discovery that a drug dealer attended the party.”); United States v. Brooks, 26 M.J. 28, 29 (C.M.A.1988) (considering appellant’s “weak” theory of the case and “implausible” suggestion that the Army investigator’s confidential informant planted evidence on him in determining harmlessness). Appellant’s failure to seriously challenge the Government’s case against him is relevant to my determination that he suffered no material prejudice from trial counsel’s comments.

Limiting Instructions

In addition to the strong case against Appellant, the military judge took appropriate steps to limit any potential harm resulting from trial counsel’s remarks. After the findings argument, the military judge instructed the members: “Remember, that the arguments of counsel are not evidence, but they may assist you in forming your view of the evidence.... It is your own independent recollection of the evidence that you must rely upon in deciding the facts in the ease.” Jurors generally, and perhaps our “blue ribbon” military panels particularly, are presumed to follow a military judge’s instructions. Nothing demonstrates to me that the members in this case were unwilling to or incapable of understanding and complying with the instruction above.

Plain Error

Finally, for the same reasons that Appellant cannot show material prejudice to his substantial rights under Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (2000), he cannot succeed on plain error.
Before an appellate court can correct an error not raised at trial, there must be (1) “error,” (2) that is “plain,” and (3) that “affect[s] substantial rights.” If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.”
United States v. Kho, 54 M.J. 63, 65 (C.A.A.F.2000) (Crawford, C.J., concurring) (quoting Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (citation omitted). As I stated in Kho, I see no difference between an error that “materially prejudices ... substantial rights” under Article 59(a), and an error that “affects substantial rights,” as contemplated in Johnson. Kho, 54 M.J. at 66. Therefore, the facts of Appellant’s case, applied to the above test, do not require this Court to take corrective action. For these reasons, I respectfully dissent.